**ARAMCO ASSOCIATED COMPANY,**
Appellant,

v.

**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellees.**

No. 06–99–00102–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 7, 2000.

Decided Oct. 24, 2000.

Daniel R. Smith, William F. Ikard, Popp & Ikard, LLP, Austin, for appellant.

Kenneth Wall, Olson & Olson, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Aramco Associated Company appeals from a judgment in favor of the Harris County Appraisal District (HCAD) and Harris County Appraisal Review Board in which Aramco was denied a tax refund based on an allocation formula for the tax years 1991 through 1995. The HCAD and the Appraisal Review Board appealed the award of attorney's fees to Aramco for the portion of the judgment involving ad valorem taxes for 1997 in which Aramco prevailed on the allocation issue. These cases were consolidated at the trial court level.

The taxation was an ad valorem tax on a 1969 DC–8–72 aircraft belonging to Aramco. Aramco contended that, because the aircraft was an instrument of foreign and interstate commerce, its value was required to be allocated and apportioned among the taxing authorities in which the aircraft had a taxable situs, but that HCAD had taxed the aircraft on its full market value without apportioning the taxes among the various taxing entities. Aramco contends that it filed a motion to correct the appraisal pursuant to TEX. TAX CODE ANN. § 25.25(c) (Vernon Supp.2000), which the Appraisal Review Board wrongfully denied.

The case was tried on a stipulation of facts including the following: Houston was Aramco's principal place of business in Texas; Aramco is the owner of the 1969 DC–8–72 aircraft in issue; the plane was usually returned to Aramco's facility between uses for repair, storage, inspection, maintenance, and service; the plane had a taxable situs in Texas; the plane also had a taxable situs in Saudi Arabia; Aramco rendered the subject property for taxation to the district for tax years 1991 through 1997; and the plane was used for business purposes, and was thus a commercial instrument and an instrumentality of interstate and foreign commerce.

Aramco points out that the trial court granted the relief sought on the 1997 taxes and reduced the value of Aramco's aircraft for tax purposes for that year. However, Aramco prevailed on the 1997 tax issue under a protest brought under Chapters 41 and 42 of the Tax Code as it applied to the application of the allocation formula, but sought relief under the limited provision of Section 25.25 of the Tax Code for the other year in question. There are significant differences in the relief avail-

able under these two sections of the Tax Code.

■ Under the principles set forth in the case of *Appraisal Review Bd. of Galveston County, Texas v. Tex–Air Helicopters, Inc.*, 970 S.W.2d 530, 533–34 (Tex. 1998), and under the stipulation of situses, some outside of the United States, Aramco has a constitutional right not to have the property taxed on the full appraised value, but Aramco could have had the property appropriately apportioned in accordance with the situses if it had properly sought this benefit. But even constitutional entitlement can be waived when a party fails to follow the implementing legislation. Texas had provided the opportunity to obtain these taxing benefits and protections through the statutory remedies.

Section 41.44 of the Tax Code entitles the property owner to file a written protest with the Appraisal Review Board before June 1 of the taxing year or not later than thirty days after the date that notice was delivered to the property owner. TEX. TAX CODE ANN. § 41.44 (Vernon Supp. 2000). A property owner who disputes the Appraisal Review Board's determination may appeal by filing a petition for review with the district court within forty-five days of receiving notice of the final order. Failure to timely file a petition bars any appeal under that chapter of the Tax Code. *See* TEX. TAX CODE ANN. §§ 41.44, 42.01 (Vernon Supp.2000).

■ The record indicates that Aramco filed its protests in 1991 and 1992 in accordance with the statutory review procedure, but failed to appear at the hearing, and its appeals were dismissed. As a pre-

requisite to appeal to the district court, a taxpayer contesting property evaluation is required to appear at the protest hearing either personally, by representative, or by affidavit. *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954–55 (Tex.1990).

■ The stipulations also show that Aramco filed protests for tax years 1994 and 1995, but then entered into a written settlement agreement with the Appraisal District.[1] Once a case is finally settled, it cannot be later appealed unless the settlement agreement is set aside for some legal cause. *See* TEX. TAX CODE ANN. § 25.25(d) (Vernon Supp.2000). There is no showing that Aramco filed any protest for tax year 1993.

■ Obtaining no relief under Chapters 41 and 42 for the reason set out previously, Aramco seeks to bring its complaint under Section 25 .25 of the Tax Code. Matters under Section 25.25 are not limited by the time constraint of Chapters 41 and 42, but can be brought anytime before the end of a five-year period after January 1 of the tax year. These legislative remedies are more narrowly drawn than those in Chapters 41 and 42. Section 25.25 provides for a correction of the appraisal roll under some circumstances.[2]

Aramco could not qualify under Section 25.25 for the years 1994 and 1995 because it entered into a written agreement with the Appraisal District. Furthermore, the tax roll may not be changed under Section 25.25 for tax years 1994 and 1995 because it was the subject of a protest brought by the property owner under Chapter 41. *See* TEX. TAX CODE ANN. § 25.25(d). Thus, 1993 is the only year in which no written

1. Included in the language of the settlement agreement is the following statement: "I ACCEPT AND AGREE TO THE ACTION RECOMMENDED ABOVE. I HEREBY WITHDRAW THE PROTEST FOR THE ABOVE PROPERTY WHICH HAS BEEN FILED WITH THE APPRAISAL REVIEW BOARD CONTINGENT UPON THE CHIEF APPRAISAL'S APPROVAL OF THIS AGREEMENT. I UNDERSTAND THAT THIS AGREEMENT

WILL BE FINAL IF THE CHIEF APPRAISER APPROVES IT."

2. The Legislature has indicated its awareness of a need for a taxing entity to establish a final tax roll to be aware of the income from taxes for purposes of making its budget. Thus, the Legislature has built in these time frames within which protests are required to be filed.

settlement agreement was executed and no protest was filed. We must determine if the relief sought would qualify under Section 25.25(d), and because the relief for all years involves the same principle, this determination would also apply to 1994 and 1995 if they were not eliminated on other grounds.

■ This brings us to the permissible changes to correct the appraisal roll set forth in Section 25.25(c). Subsection (c)(1) allows correction for clerical errors that affect a property owner's liability for the tax imposed. Subsection (2) deals with multiple appraisals within the tax year. Neither of these apply to the present case. Section 25.25(c)(3) remains as the only possible option for Aramco under this section. Subsection (3) allows the appraisal review board to order changes in the appraisal roll to correct the inclusion of property that does not exist in the form or at the location described in the appraisal roll. TEX. TAX CODE ANN. § 25.25(c)(3).

■ In *Himont U.S.A., Inc. v. Harris County Appraisal Dist.*, 904 S.W.2d 740 (Tex.App.—Houston [1st Dist.] 1995, no writ), the Houston Court of Appeals determined that the term "location" as used in this subsection of the statute meant the taxable situs of the property, rather than its physical location. The Houston court said, "[l]ocation or situs for ad valorem tax purposes is determined by whether the taxing state has a sufficient nexus with the personal property sought to be taxed to justify the tax." *Id.* at 743. However, we do not agree with the conclusion in *Himont* that this definition permits the courts, under Section 25.25(c)(3), to review the appraised value on the tax rolls

for purposes of allocation unless the property did not exist at the location described in the tax roll. In the present case, the aircraft in question did exist at the location, which was a legal situs for tax purposes. Personal property can have more than one situs.

The court in *Titanium Metals Corp. v. Dallas County Appraisal Dist.* held that the form in Section 25.25(c)(3) applies only when no property exists in the form or at the location described in the appraisal roll. 3 S.W.3d 63, 66 (Tex.App.—Dallas 1999, no pet. h.); *see also Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp.*, 905 S.W.2d 318, 321 (Tex.App.—Dallas 1995, writ denied).

In the present case, there has been a showing, by stipulation, that there was an appropriate taxable situs within the jurisdiction of the taxing entity and the property did exist in the form, being a 1969 DC–8–72 aircraft, described in the appraisal. Thus, Section 25.25(c)(3) was not a proper remedy for Aramco's protest.

■ It is the duty of the appellate court to sustain the judgment of the trial court if it is correct on any theory of the law applicable to the case. *Commerce Sav. Assoc. v. Welch*, 783 S.W.2d 668, 671 (Tex.App.—San Antonio 1989, no writ). Although not set forth in the judgment, the trial court indicated in the court reporter's record that the court's ruling was based on Aramco's failure to provide information to show that it was entitled to an allegation pursuant to Administrative Rule 9.4022(a).[3] We recognize the taxing entity does not have available to it the information needed to formulate an allocation. Nor can it be expected to know that a

---

3. This rule was originally promulgated by the State Property Tax Board, but now is an administrative rule of the Texas Comptroller.

Sec. 9.4022. Application for Allocation of Value.
(a) A property owner who is entitled to an allocation of property must file a rendition form that provides enough information necessary to prove the entitlement to allocation and permit the chief ap-

praiser to apply an allocation formula appropriate to the subject property.
(b) An appraisal district may use a rendition form that substantially complies with the appropriate [Comptroller of Public Accounts] allocation-rendition form. Each form shall require the property owner to identify the property that is the subject of the rendition and provide information measuring the use of the property within Texas and within

taxpayer is entitled to an allocation unless the taxpayer provides this information. Aramco did not provide that information to the taxing entities for the years in question. We do not reach the question of Aramco's failure to provide the taxing entity with the appropriate information; however, as a practical matter, it is difficult to see how Aramco can complain about the tax when it did not protest the appraised amount for the vehicle and did not ask for or provide a showing that it was entitled to the allocation. These points are overruled.

With respect to HCAD's appeal of attorney's fees, Aramco conceded at oral argument that it was not entitled to attorney's fees on its recovery for the 1997 taxes; therefore, it is not necessary that we address this matter. HCAD's point of error concerning attorney's fees is sustained.

The judgment is reformed to delete the award of attorney's fees awarded to Aramco; as reformed, the judgment is affirmed.

other states or nations. The form must permit the property owner to state an opinion of the total market value of the property and the amount of value that should be allocated to each taxing unit in which the property has situs.

(c) Model Rendition Form 21.03, as amended December 13, 1989, is adopted by reference.

It was originally contained in 34 TEX. ADMIN. CODE § 9.4022(a) and is currently contained in 34 TEX. ADMIN. CODE § 9.4033(e).