TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00335-CV






Kellair Aviation Company
, Appellant



v.



Travis Central Appraisal District and Travis County Appraisal


Review Board, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. GN001760, HONORABLE DARLENE BYRNE, JUDGE PRESIDING






O P I N I O N




 This is an ad valorem tax appeal concerning the right of Kellair Aviation Company
to avail itself of the remedy provision of section 25.25(c)(3) of the tax code to receive allocation of
the market value of its passenger aircraft for tax years 1996 and 1997. See Tex. Tax Code Ann.
§ 25.25 (West 2001). (1) The trial court issued a take-nothing judgment against Kellair and in favor
of Travis Central Appraisal District ("District") and Travis County Appraisal Review Board
("Board"), (2) concluding that Kellair was not entitled to allocation of the value of its aircraft because
(1) section 25.25(c)(3) does not provide a remedy, and (2) Kellair failed to pursue its right to
interstate allocation pursuant to section 21.03 through the remedies in chapters 41 and 42 of the tax
code. Kellair presents four issues asserting: (1) it is entitled to allocation of the market value of its
aircraft under section 21.03(a); (2) failure to protest allocation under chapter 41 does not result in
forfeiture of remedies under chapter 25; (3) section 25.25(c)(3) provides a remedy for obtaining
allocation of the value of Kellair's aircraft for tax years 1996 and 1997; and (4) calculating allocation
based on the number of departures fairly reflects the use of Kellair's aircraft in Texas. We conclude
that a motion to correct under section 25.25(c)(3) is not a proper means of seeking a commercial
aircraft's allocation and affirm the trial court's judgment. 


FACTUAL BACKGROUND


 Kellair owns a Raytheon Hawker HS 125 800 as business personal property. The
aircraft was continually used in interstate and foreign commerce during each twelve-month period
preceding January 1 of each tax year at issue. The aircraft was maintained in leased hangar space
at the Robert Mueller Municipal Airport in Austin. Between uses, the aircraft was returned to the
hangar space in Austin for repair, storage, inspection, maintenance, and service.

 The aircraft was appraised for ad valorem tax purposes by the District during tax
years 1996 and 1997. Kellair did not request an allocation or protest the District's failure to allocate
the market value of the aircraft during the tax years at issue. (3) The District listed the aircraft on the
appraisal roll at one hundred percent of its market value for tax years 1996 and 1997. On December
30, 1999, Kellair filed a motion to correct the appraisal roll, seeking allocation of the market value
of the aircraft to reflect its use in Texas for tax years 1996 and 1997. See Tex. Tax Code Ann.
§§ 21.03, 25.25(c)(3) (West 2001).

 The Board held a hearing on the motion but ultimately denied Kellair's motion to
correct the appraisal roll. Kellair subsequently filed the underlying lawsuit. The case was tried to
the court on the following stipulated facts: Kellair's principal office was located in Austin, Texas,
from 1995 through 2001; Kellair is the owner of the aircraft in issue; the plane was normally
returned to Kellair's leased hangar space at the Robert Mueller Municipal Airport between uses for
repair, storage, inspection, maintenance and service; the plane had a taxable situs in Texas; and
during tax years 1996 and 1997, Kellair did not request allocation and did not protest the District's
failure to allocate. The trial court found in favor of the District and signed a take-nothing judgment,
which Kellair now appeals.


DISCUSSION


 The main issue before this Court is not whether, under the current law, Kellair is
entitled to allocation of its aircraft when it is used in interstate commerce. Both parties agree that
sections 21.03 and 21.05 of the tax code allows Texas tax authorities to tax only that part of a
commercial aircraft's value that fairly reflects the aircraft's use in Texas. (4) Tex. Tax Code Ann.
§§ 21.03, 21.05(a) (West 2001); see Appraisal Review Bd. v. Tex-Air Helicopters, Inc., 970 S.W.2d
530, 532 (Tex. 1998) (upholding the constitutionality of section 21.05). The issue this Court must
decide is whether section 25.25(c)(3) allows a correction of the District's appraisal roll for tax years
1996 and 1997 under these facts. Kellair recognizes that section 41.41 of the tax code provides the
remedy for a current year protest, but argues that section 25.25 provides a method for a property
owner to seek a correction of a prior year's tax roll in very limited circumstances. Kellair contends
that the failure to grant an interstate allocation under section 21.03(a) involves an error that is subject
to correction under section 25.25(c)(3).

 Section 41.41 of the tax code entitles the property owner to file a written protest with
the Appraisal Review Board before June 1 of the taxing year or not later than thirty days after the
date that the notice was delivered to the property owner. Tex. Tax Code Ann. § 41.41 (West 2001). 
By contrast, section 25.25 of the Tax Code grants a five-year window to correct clerical or certain
other limited errors:


(a) Except as provided by Chapters 41 and 42 of this code and by this section, the
appraisal roll may not be changed.


 . . . .


(c) The appraisal review board, on motion of the chief appraiser or of a property
owner, may direct by written order changes in the appraisal role for any of the
five preceding years to correct:


 (1) clerical errors that affect a property owner's liability for a tax imposed in
that tax year;


 (2) multiple appraisals of a property in that tax year; or 


 (3) the inclusion of property that does not exist in the form or at the location 
described in the appraisal roll.



Tex. Tax Code Ann. § 25.25 (West 2001) (emphasis added).

 Under chapter 41 of the tax code, a property owner has the right to protest a broad
array of tax actions. Although the scope of actions that may be protested is broad, the time period
within which the property owner must initiate a protest is limited--far more limited than the five-year period available under section 25.25. (5) Compare Tex. Tax Code Ann. § 41.44, with Tex. Tax
Code Ann. § 25.25. In most cases, a notice of protest must be filed within thirty days of the date the
property owner receives notice of the appraised value. GE Capital Corp. v. Dallas Cent. Appraisal
Dist., 971 S.W.2d 591, 594 (Tex. App.--Dallas 1998, no pet.). Section 25.25 allows the appraisal
review board to change the appraisal roll at any time during a five-year period to correct basic factual
errors. Id. at 593. Because of the circumstances outlined in section 25.25(c), it is apparent that the
purpose is to correct objective, factual errors that would cause the payment of taxes based on the
uncorrected records to be fundamentally unfair. Id.

 Kellair contends that section 25.25(c)(3) allows a property owner to obtain interstate
allocation because the portion of the airplane allocable to interstate commerce did not exist at the
location described in the appraisal roll. The tax code does not explain what is meant by the phrase
"property that does not exist in the form or at the location described in the appraisal roll." Tex. Tax
Code Ann. § 25.25(c)(3); Titanium Metals Corp. v. Dallas County Appraisal Dist., 3 S.W.3d 63, 66
(Tex. App.--Dallas 1999, no pet.). Titanium Metals defined the term "form" in section 25.25(c)(3)
to mean the property's identification as real property, personal property, or some other physical
description of the property other than its appraised value or its use. 3 S.W.3d at 66 (citing Dallas
Cent. Appraisal Dist. v. G.T.E. Directories Corp., 905 S.W.2d 318, 321 (Tex. App.--Dallas 1995,
writ denied)). Therefore, the court reasoned, section 25.25(c)(3) applies only when no property
exists in the form or at the location described in the appraisal roll. Id.; see G.T.E. Directories, 905
S.W.2d at 321. In other words, section 25.25(c)(3) permits correction of the appraisal roll only when
it erroneously reflects that a particular form of property exists at a specified location and, in fact, no
such property exists at that location. Titanium Metals, 3 S.W.3d at 66.

 Several Texas courts have explored the remedies available under section 25.25(c)(3)
Kellair relies on Himont USA, Inc. v. Harris County Appraisal Dist., 904 S.W.2d 740 (Tex.
App.--Houston [1st Dist.] 1995, no writ). Himont owned and operated railcars that were used
continually in interstate commerce. The appraisal district included the full value of the railcars in 
its appraised value. Himont had not previously requested allocation and did not protest the appraised
value pursuant to chapter 41 of the tax code. Himont later filed a motion requesting allocation,
which was denied. The court of appeals noted that since Himont failed to avail itself of the remedies
in chapters 41 and 42 of the tax code, the appraisal rolls could only be corrected if the language of
section 25.25(c)(3) applied-- that is, if the rolls included property that did not exist in the form or
at the location described in the roll. Himont argued that the excess value of its railcars did not exist
in the location described in the appraisal roll, thus correction of the rolls under 25.25(c)(3) was
applicable. The court agreed, concluding, "the portion of Himont's railcars allocable to interstate
commerce does not exist at the location described in the appraisal roll." Id. at 743.

 Since Himont, every Texas court considering the availability of allocation as a remedy
has disapproved Himont and held that the language of section 25.25(c)(3) cannot be expanded to
include such a remedy. In Aramco Associated Co. v. Harris County Appraisal District, a case
directly on point to this appeal, the Texarkana Court of Appeals held that based on Aramco's
stipulation that the property did have taxable situs within the taxing entity's jurisdiction, and that the
property did exist in the form described on the appraisal roll, the relief offered by section 25.25(c)(3)
was not a proper remedy for Aramco's request to allocate the value of the property. 33 S.W.3d 361,
364 (Tex. App.--Texarkana 2000, pet denied).

 Shortly after the Aramco decision, the San Antonio Court of Appeals held that a
motion to correct an appraisal under section 25.25(c)(3) was not a proper method of seeking
allocation of the value of commercial aircraft used in interstate commerce. Gunn v. Bexar County
Appraisal Dist., 71 S.W.3d 425, 426 (Tex. App.--San Antonio 2002, pet. denied). Gunn had failed
to protest the appraised value of its aircraft for tax years 1997 through 1999 and sought allocation
to correct the appraisal rolls under section 25.25(c)(3). The court, citing Aramco, concluded that
"because personal property can have more than one taxable situs, if the location described on the tax
roll is a taxable situs of the property, the aircraft did exist at that location, precluding review under
section 25.25(c)(3)." Id. at 428. We find the reasoning of Aramco and Gunn more persuasive and
decline to follow Himont.

 In the present case, there is a stipulation that the aircraft did exist at the location,
which was a legal situs for tax purposes, and did exist in the form described in the appraisal, a
Raytheon Hawker HS 125 800. Thus, the relief offered by section 25.25(c)(3) is not a proper remedy
for Kellair's protest. In Gunn, the court characterized Gunn's motion to correct as an improper
challenge of the appraised value of the aircraft, agreeing with the Aramco court's reasoning as
follows: "The legislature has given property owners two procedures to challenge appraised values
on appraisal rolls under chapters 41 and 42 and under section 25.25(d). (6) The legislature has placed
restrictions on the right to challenge the appraised value in both procedures." Id. at 429. We agree
with the court in Gunn that broadly construing "location" to permit a challenge under section
25.25(c)(3) to the allocation of the appraised value would be contrary to the legislative scheme of
providing a taxing entity the ability to establish a final tax roll. See id. at 429.

 Kellair cannot use section 21.03 to prove that the plane was not located within the
district for purposes of correction under section 25.25(c)(3), which requires that the property not
exist at the location indicated on the appraisal roll. Because section 25.25(c)(3) only authorizes
changes for errors in the description of the form or location of property in the appraisal roll, Kellair
is essentially asking this Court to do is look behind the appraisal roll to determine how value was
determined. This we will not do. We overrule issue three.

 In its second issue, Kellair claims the trial court erred in its conclusion that Kellair
was not entitled to interstate allocation because it failed to pursue its allocation request through the
remedies in chapter 41 of the tax code. Kellair claims that the trial court's conclusion ignores the
application of section 25.25(c)(3) and creates a forfeiture or waiver where none exists. We disagree. 
 The court in Aramco addressed this very issue. Aramco, 33 S.W.3d at 364. While
the court agreed that Aramco had a constitutional right to allocation, it said that Aramco could have
had the property apportioned if it had properly sought this benefit through section 41.41 of the tax
code. Id. The court went on to say that even constitutional entitlement can be waived when a party
fails to follow the implementing legislation. Id. Aramco failed to obtain relief under chapters 41
and 42 and sought relief under section 25.25(c)(3). Id. The court concluded that because the aircraft
in question did exist at the location and in the form described in the appraisal roll, section
25.25(c)(3) was not a proper remedy for Aramco's protest. Id. Therefore, by failing to timely file
a protest under section 41.41, Kellair has waived its right to allocation for tax years 1996 and 1997. 
Kellair's second issue is overruled. Having decided that Kellair is not entitled to allocation under
section 25.25(c)(3), it is unnecessary for us to reach its fourth issue concerning calculating allocation. 

CONCLUSION


 Because we hold that a motion to correct under section 25.25(c)(3) is not a proper
means of seeking allocation of property used in interstate commerce, we affirm the trial court's
judgment.



 

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: February 6, 2003

1. Section 25.25 has been amended since this cause of action arose, but its meaning has not
changed. We will therefore cite to the current statute.
2. For convenience, we will refer to appellees collectively as the "District" unless otherwise
indicated.
3. During tax years 1996 and 1997, there was a question as to the constitutionality of section
21.03 of the Texas Tax Code. Section 21.03, which recognizes a property owner's right to interstate
allocation, was declared unconstitutional in Aransas County Appraisal Review Board v. Texas Gulf
Shrimp Co. 707 S.W.2d 186, 192 (Tex. App.--Corpus Christi 1986, writ ref'd n.r.e.). It wasn't until
1998 that the supreme court considered the constitutionality of section 21.05 of the tax code, which
recognizes a property owner's right to interstate allocation of the value of commercial aircraft in
Appraisal Review Board v. Tex-Air Helicopters, Inc., 970 S.W.2d 530 (Tex. 1998). Sections 21.03
and 21.05 are identical on the principle of interstate allocation. Section 21.03 recognizes a property
owner's right to interstate allocation while section 21.05 recognizes a property owner's right to
interstate allocation of the value of commercial aircrafts. Tex-Air disapproved of the constitutional
analysis of section 21.03 in Gulf Shrimp and upheld the constitutionality of section 21.05.
4. Because the parties do not dispute that Kellair would otherwise be entitled to allocation
under section 21.03, Kellair's first issue is moot; therefore, we will not address it.
5. The legislature is aware of the need for a taxing entity to establish a final tax roll so that
it can use that information in making its budget. Therefore, the legislature has built in these time
frames within which protests are required to be filed. Aramco Associated Co. v. Harris County
Appraisal Dist., 33 S.W.3d 361, 364 n.2 (Tex. App.--Texarkana 2000, pet. denied).
6. Section 25.25(d) provides that "[a]t any time prior to the date the taxes become delinquent,
a property owner . . . may file a motion with the appraisal review board to change the appraisal roll
to correct an error that resulted in an incorrect appraised value . . . ." Tex. Tax Code Ann. § 25.25(d)
(West 2001). This provision is not an issue in this appeal.