COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-042-CV
A & S AIR SERVICE, INC.                                                                                
APPELLANT
V.
DENTON CENTRAL APPRAISAL                                                                            
APPELLEES
DISTRICT AND DENTON COUNTY
APPRAISAL REVIEW BOARD
------------
FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
------------
OPINION
------------
I. Introduction
In this case Appellant, A & S Air Service, Inc. ("A&S"),
seeks a refund from Appellees, Denton County Appraisal District ("DCAD")
and Denton County Appraisal Review Board ("DCARB"), arguing that the
DCAD failed to allocate the value of a business aircraft to reflect use in
interstate commerce according to section 25.25(c)(3) of the Texas Tax Code
("the Tax Code").(1) On appeal from the
DCAD's ruling, the trial court entered a take-nothing judgment against A&S.
We affirm the trial court's judgment against A&S.
II. Factual Summary
During the relevant time period described below, A&S owned an aircraft,
which is the subject of this property tax dispute. A&S used the aircraft for
business purposes both inside and outside the State of Texas. On January 1 of
1995, 1996, 1997, and 1998 the aircraft was located within the boundaries of the
DCAD.(2) The aircraft was taxed on one-hundred
percent of its market value for each of the stated years.
A&S did not protest the valuation of the aircraft in any way until
September 27, 1999, when A&S filed a motion pursuant to section 25.25(c) to
correct the DCAD appraisal rolls.(3) A&S did
not file a motion to correct the appraisal records under any other statute. On
November 17, 1999, the DCARB held a hearing on A&S's section 25.25(c)
motion. On November 22, the DCARB issued its order denying the motion and denied
any change to the appraisal records.
A&S timely filed this lawsuit in the district court appealing the DCARB's
denial of the 25.25(c) motion.(4) After a bench
trial, the trial court entered a take-nothing judgment and taxed all costs
against A&S.
III. Legal Analysis
A&S contends in three points on appeal that the trial court erred in (1)
failing to enter judgment correcting the property tax values of the aircraft to
reflect usage outside the State of Texas; (2) finding that A&S's
administrative motion was limited to a correction pursuant to the Tax Code
section 21.055; and (3) concluding that A&S was not entitled to attorneys
fees. Because we hold that the trial court correctly entered a take-nothing
judgment against A&S, we overrule A&S's first issue.
As of January 1 of each year 1995 through 1998, the aircraft was located
within the boundaries of the DCAD.(5) During
these years A&S did not attempt to protest the appraisal rolls pursuant to
chapters 41or 42 of the Tax Code or pursuant to section 25.25(d) of the Tax
Code.(6) Consequently, A&S can only obtain
the relief sought if section 25.25(c)(3) allows the appraisal rolls for each
year to be corrected under the circumstances of this case.(7)
We agree with the Dallas, San Antonio, and Texarkana Courts of Appeals and hold
that it does not.(8)
Section 25.25(c)(3) states that on motion from the property owner and by
written order from the appraisal review board, the appraisal roll for any of the
five preceding years may be changed to correct "the inclusion of property
that does not exist in the form or at the location
described in the appraisal roll."(9) In
other words, this code provision only applies to correct errors in the tax rolls
that relate to the description of the form or location of the property.(10)
The Dallas Court of Appeals defined "form" to mean the
identification of the type of property listed under section 25.02(a).(11)
Specifically, the different types of property include real property, personal
property, improvements to real property, "or some other physical
description of the property on the appraisal roll, other than its appraised
value or its use."(12) A&S does not
challenge the form of the property.
With regard to location of the property described in the tax rolls, section
25.25(c)(3) requires that for any change in the tax roll to be allowed, the
property must have been included in the tax roll when in fact it does not exist
at the location described in the tax roll.(13)
If the property exists in the form described in the appraisal roll and at the
location described in the appraisal roll, then section 25.25(c)(3) is not the
proper remedy for A&S's relief.(14)
The trial court's findings of facts state that as of January 1 for each of
the years in question the aircraft was located within the boundaries of the DCAD.(15)
Accordingly, the trial court did not err when it concluded that section 25.25(c)
does not authorize the correction of the appraisal rolls in this case.
A&S argues that value allocation of personal property used in interstate
commerce pursuant to section 21.03 is constitutionally required and, therefore,
the value rendered for the years 1995-1998 should be corrected to reflect such
usage outside the State of Texas. As an initial matter, we point out that
A&S neither raised this point with the DCARB nor obtained an order on it.(16)
A property owner has a constitutional right to allocate the value of property
used in interstate commerce as long as certain principal guidelines are
followed.(17) However, in order to allocate the
value of interstate property, the property owner must follow the statutes that
detail the procedures for obtaining such an allocation.(18)
For example, a property owner must provide the proper appraisal review board
with written notice of a protest before June 1 of the taxing year or not later
than the 30th day after the date that notice was delivered to the
property owner, or the property owner will not be entitled to a hearing and
determination of the protested matter.(19)
Furthermore, the property owner may appeal an unsatisfactory determination by
the appraisal review board to the district court only if a petition for review
is filed within 45 days after the property owner received notice of the final
order.(20) A&S did not take advantage of
this statutorily provided protest process. Accordingly, any constitutional
entitlement was waived.(21)
A&S also argues that this court has previously held that a court may
"look behind" the appraisal rolls to determine the existence of errors
that could be corrected under section 25.25(c).(22)
In Comdisco, this court held that when a property owner made a clerical
error, such as valuing personal property at $13 million as opposed to the
correct value of $1.3 million, section 25.25(c)(1) allows an appraisal review
board to correct the error in the appraisal roll.(23)
Comdisco only addressed section 25.25(c)(1) and provided that the court
could "look behind" the appraisal roll in that case because that is
precisely the relief provided in the statute.(24)
However, A&S now asks this court to "look behind" the appraisal
roll when a statute does not so provide. This we decline to do. We overrule
A&S's first point.
A&S argues in its second point that the trial court erred in concluding
that A&S's administrative motion was limited to a correction pursuant to
section 21.055 and that the trial court lacked jurisdiction over any other
allocation issues. A&S contends that its section 25.25(c) motion was not
limited to the application of section 21.055, the motion clearly requested
interstate allocation for its business aircraft, and the allocation should be
retroactive. Because we hold that section 25.25(c) does not authorize the
correction of the appraisal rolls under the facts of this case, we do not reach
A&S's second point.(25)
With regard to A&S's third point, because we conclude that the trial
court properly entered a take-nothing judgment against A&S, we conclude that
the trial court properly denied A&S recovery of its attorney's fees.(26)
IV. Conclusion
Because we overrule A&S's first point and find that point dispositive of
the case, we do not address A&S's second and third points.(27)
We affirm the trial court's decision.
 
                                                                       
LEE ANN DAUPHINOT
                                                                       
JUSTICE
 
PANEL B: DAY, DAUPHINOT, and WALKER, JJ.
[DELIVERED FEBRUARY 13, 2003]

1. Tex. Tax Code Ann. § 25.25(c)(3) (Vernon 2001).
2. See id. § 21.02.
3. Id. § 25.25(c).
4. See id. § 42.21 (Vernon 2001).
5. See id. § 21.02.
6. See Dallas Cent. Appraisal Dist. v. G.T.E.
Directories Corp., 905 S.W.2d 318, 320 (Tex. App.--Dallas 1995, writ
denied); see also Tex. Tax Code Ann. § 25.25(d); see generally
Tex. Tax Code Ann. chs. 41, 42.
7. See Aramco Associated Co. v. Harris County
Appraisal Dist., 33 S.W.3d 361, 364 (Tex. App.--Texarkana 2000, pet.
denied).
8. See Titanium Metals Corp. v. Dallas County
Appraisal Dist., 3 S.W.3d 63, 66 (Tex. App.--Dallas 1999, no pet.); see
also Curtis C. Gunn, Inc. v. Bexar County Appraisal Dist., 71 S.W.3d 425,
429 (Tex. App.--San Antonio 2002, pet. denied); Aramco, 33 S.W.3d at
365.
9 Tex. Tax Code Ann. § 25.25(c)(3) (emphasis added).
10. See id.; see also Aramco, 33 S.W.3d
at 365.
11. G.T.E., 905 S.W.2d at 321; see also
Titanium Metals, 3 S.W.3d at 66.
12. Tex. Tax Code Ann. § 25.02(a); G.T.E., 905
S.W.2d at 321; see also Titanium Metals, 3 S.W.3d at 66.
13. See Tex. Tax Code Ann. § 25.25(c)(3); see
also Aramco, 33 S.W.3d at 365.
14. See Tex. Tax Code Ann. § 25.25(c)(3); see
also Aramco, 33 S.W.3d at 365.
15. See Tex. Tax Code Ann. § 21.02.
16. See id. § 42.01.
17. See Aramco, 33 S.W.3d at 364 (citing Appraisal
Review Bd. v. Tex-Air Helicopters, Inc., 970 S.W.2d 530, 533-34 (Tex.
1998)).
18. See id.
19. Tex. Tax Code Ann. § 41.44; see also Aramco
33 S.W.3d at 364.
20. Tex. Tax Code Ann. § 42.21(a).
21. See Aramco, 33 S.W.3d at 364.
22. Comdisco, Inc. v. Tarrant County Appraisal Dist.,
927 S.W.2d 325, 326 (Tex. App.--Fort Worth 1996, writ ref'd).
23. Id.
24. Id. at 327.
25. See Tex. R. App. P. 47.1.
26. See Tex. Tax Code Ann. § 42.29.
27. See Tex. R. App. P. 47.1.