Affirmed and Opinion filed March 24, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00891-CV

___________________

 

Sturgis Air One, L.L.C.,
Appellant

 

V.

 

Harris County Appraisal District,
Appellee



 



 

On
Appeal from the 127th Judicial District Court

Harris County,
Texas



Trial Court Cause No. 2007-36992

 



 

 

OPINION

Sturgis
Air One, L.L.C. (“Sturgis”) challenges the district court’s ruling denying its
motion for summary judgment and granting the cross-motion for summary judgment
of the Harris County Appraisal District (“HCAD”). At issue is the final
property tax assessment of Sturgis’s privately owned jet.

On appeal, we examine section 21.055 of the Texas Tax
Code, a provision that establishes a tax entitlement for aircraft moving in
interstate commerce. Section 21.055 states the following:

If an aircraft is used for a business purpose of the owner,
is taxable by a taxing unit, and is used continually outside this state,
whether regularly or irregularly, the appraisal office shall allocate to this
state the portion of the fair market value of the aircraft that fairly reflects
its use in this state. The appraisal office shall not allocate to this state
the portion of the total market value of the aircraft that fairly reflects its
use beyond the boundaries of this state.

Tex. Tax Code Ann. § 21.055(a)
(West 2008). The entitlement is known as “interstate allocation,” and its
calculation is prescribed by the following formula:

The allocable portion of the total fair market value of an
aircraft described by Subsection (a) is presumed to be the fair market value of
the aircraft multiplied by a fraction, the numerator of which is the number of
departures by the aircraft from a location in this state during the year
preceding the tax year and the denominator of which is the total number of
departures by the aircraft from all locations during the year preceding the tax
year.

Id. § 21.055(b).

We must determine
whether the right provided by Section 21.055 was waived when Sturgis failed to
timely report (or “render”) its aircraft to the taxing authority. If the right
was not so waived, we must also decide whether Sturgis provided enough
information at the time of rendition to prove its entitlement to interstate
allocation. Reaching only the first question, we hold that Sturgis waived its
right to interstate allocation by failing to render the aircraft by the
statutory deadline. We therefore affirm.

FACTS

Sturgis is a
transportation company duly formed under the laws of the U.S. Virgin Islands.
Its principal place of business is in Christiansted on the island of St. Croix.
Since 2003, Sturgis has leased a 1991 Cessna 560 to Allied Home Mortgage
Capital Corporation, a Texas corporation with hundreds of offices throughout
the United States. Jim Hodge, the president of Allied Home, also serves as the
manager of Sturgis, and he uses the aircraft to travel between his various
offices nationwide. When not in service, the aircraft is frequently hangared at
Hooks Airport in northwest Harris County, just outside Hodge’s residence in
Spring. Investigators with HCAD discovered the aircraft hangared there in
August 2006.

Before 2006, Sturgis had
never rendered the aircraft for property tax purposes to any taxing authority,
foreign or domestic. HCAD believed it may have the jurisdiction to tax the
aircraft and wrote to Sturgis requesting information for determining its
taxable situs. The letter was addressed to Sturgis’s office in the Virgin
Islands and stated that HCAD may assess back taxes on the aircraft for tax
years 2005 and 2006. See id. § 25.21 (directing appraisals
for the two preceding years on personal property omitted from the tax rolls).
Sturgis never responded to the letter, and in September 2006, HCAD sent a
Notice of Appraised Value, appraising the aircraft at $3,101,000. Included with
the notice was an estimate of Sturgis’s tax liability for tax year 2006, which
projected a final tax based on the aircraft’s fully appraised market value.

In October 2006, before
a final tax was assessed, Sturgis officially rendered the aircraft for tax year
2006. The rendition for tax year 2005 followed in November 2006. For each tax
year, Sturgis used a standardized rendition form that allows a taxpayer to
request interstate allocation. To complete the request for a business aircraft,
the property owner must report the number of revenue departures the aircraft
made from Texas, as well as the total number of departures made during the tax
year.

For tax year 2005,
Sturgis reported that the aircraft departed from Texas 70 times, with 149 total
departures for the year. For tax year 2006, Sturgis reported 30 departures from
Texas out of a total of 87 for the year. As a supplement, Sturgis also
submitted a flight log for tax year 2006, summarizing the dates and locations of
each departure. Based on these figures, Sturgis sought to apportion its final
tax in Texas to roughly 47% of the aircraft’s actual value for 2005, and 35% of
its value for 2006.

HCAD ultimately refused
the apportionment request, assessing a final tax at the aircraft’s full market
value instead. Because Sturgis rendered the aircraft after the April 15
deadline for each tax year, HCAD also assessed a statutory penalty amounting to
ten percent of the taxes imposed on the property. See id. §§ 22.23,
22.28. After unsuccessfully protesting the final assessment in administrative
proceedings, Sturgis filed suit for judicial review in the district court,
where both parties moved for summary judgment. See id. § 42.01.

In its motion for
summary judgment, Sturgis asserted that it was entitled to interstate
allocation because it complied with all statutes and regulations, notwithstanding
the untimely rendition. HCAD filed a combined traditional and no-evidence
motion for summary judgment. In its traditional motion, HCAD claimed that
Sturgis was not entitled to interstate allocation because it rendered the
aircraft after the statutory deadline, thereby waiving the entitlement as a matter
of law. In its no-evidence motion, HCAD asserted that Sturgis failed to submit
any evidence that the aircraft had acquired a taxable situs outside of Texas.
The district court denied Sturgis’s motion and granted HCAD’s cross-motion in
its entirety. Sturgis now appeals to us.

STANDARD OF REVIEW

We review the district
court’s summary judgment de novo. Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003). A traditional motion for summary
judgment is properly granted if the evidence shows that there is no genuine
issue as to any material fact and that the moving party is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c). A no-evidence motion for summary
judgment is improperly granted if the respondent presents more than a scintilla
of probative evidence to raise a genuine issue of material fact. Tex. R. Civ.
P. 166a(i); City of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005).
We review the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts in the
nonmovant’s favor. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911
(Tex. 1997).

When both parties move
for summary judgment and the district court grants one motion and denies the
other, we must consider all of the summary judgment evidence produced and
determine all questions presented. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005). If we conclude that the district court erred, we
must render the judgment the district court should have rendered. FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).

Because the district
court did not specify the basis for its grant of summary judgment, we must
affirm the summary judgment if any of the theories presented below and preserved
for appellate review is meritorious. Browning v. Prostok, 165 S.W.3d
336, 344 (Tex. 2005).

INTERSTATE ALLOCATION

            We
begin by reviewing HCAD’s cross-motion for summary judgment. HCAD first argues
in its cross-motion that an untimely rendition waives the right to interstate
allocation as a matter of law.

            Section
21.055 does not expressly condition the entitlement on the timeliness of the
rendition. In fact, the Tax Code fails to enumerate any circumstances in which
a taxpayer is deemed to have waived the right to interstate allocation.

We recognize, however,
that the entitlement is not automatic in all cases. Taxpayers must
affirmatively seek interstate allocation, and waiver can be implied in certain
situations, such as when a taxpayer “fails to follow the implementing
legislation.” Aramco Associated Co. v. Harris Cty. Appraisal Dist., 33
S.W.3d 361, 364 (Tex. App.—Texarkana 2000, pet. denied).

            The
leading case of implied waiver is Harris County Appraisal District v. Texas
Gas Transmission Co., 105 S.W.3d 88 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied) (en banc). In Texas Gas, the First Court of Appeals
examined whether a taxpayer could seek an allocation entitlement several years
after its business aircraft had already been rendered for taxation. Id.
at 91–92. Although Section 21.055 does not expressly require taxpayers to
supply allocation information at the time of rendition, the court determined
the requirement was necessarily implied. Id. at 92. 

The First Court’s
interpretation was based in part on the manner in which administrative duties
are structured in the Tax Code. The chief appraiser has the primary duty of
calculating the value of each allocation entitlement, a duty that cannot be
performed unless the taxpayer provides the information required by the
statutory formula. See 34 Tex. Admin. Code § 9.4033(e) (2010) (“A
property owner who is entitled to an allocation of property must file a
rendition form that provides enough information necessary to prove the
entitlement to allocation and permit the chief appraiser to apply an allocation
formula appropriate to the subject property.”). Among other responsibilities,
the chief appraiser also has the duty of preparing completed appraisal records
by May 15, one month after the taxpayers’ rendition deadline. Tex. Tax Code
Ann. § 25.01(a); see also Tex. Gas, 105 S.W.3d at 93–94 (describing
the chief appraiser’s additional duties). The court reasoned that taxpayers
must accordingly submit their allocation information at the time of rendition,
otherwise untimely supplements to the rendition form would prevent the chief
appraiser from performing his remaining duties in the manner intended by the
legislature. See Tex. Gas, 105 S.W.3d at 93–94 (“These calculations must
generally be done within the time required for the chief appraiser to prepare
the appraisal records. . . . The chief appraiser cannot timely
make these calculations unless supporting information is submitted along with
the rendition.” (emphasis added)).

The reasoning in Texas
Gas has since been applied in two additional cases concerning interstate
allocation. In SLW Aviation, Inc. v. Harris County Appraisal District, a
companion case to Texas Gas, the First Court of Appeals examined a
parallel provision in the Tax Code involving the interstate allocation for a
commercial aircraft. 105 S.W.3d 99, 103 (Tex. App.—Houston [1st Dist.] 2003, no
pet.) (citing Tex. Tax Code Ann. § 21.05). The court likewise held that a
taxpayer who timely rendered had waived the entitlement because the taxpayer
did not submit its allocation request contemporaneously with the rendition. Id.
at 101, 103.

More recently, in Starflight
50, L.L.C. v. Harris County Appraisal District, the First Court of Appeals
considered whether a taxpayer could claim an allocation entitlement despite a
delinquent rendition. 287 S.W.3d 741, 744 (Tex. App.—Houston [1st Dist.] 2009,
no pet.). Unlike Sturgis, however, the delinquent taxpayer in Starflight
submitted its allocation information apart from its rendition statement. Id.
at 749. Thus, for the same reasons articulated in Texas Gas, the court
held that the taxpayer had waived its right to interstate allocation. See
id. (“Under Aramco and Texas Gas, it is not Starflight’s
failure to render which waived any interstate allocation. Instead, it was
Starflight’s failure to file any allocation information contemporaneously with
a rendition statement which precluded its argument for allocation in the trial
court.”).

The current dispute with
Sturgis involves a question not directly addressed by Texas Gas or Starflight:
whether the taxpayer waives the right to interstate allocation when the
allocation request is submitted contemporaneously with an untimely rendition. We
hold that the right is waived because the overriding concern for timeliness that
echoes in Texas Gas also resonates in this case.

The Tax Code is a
“pervasive regulatory scheme,” replete with timetables for the administrative
bodies who oversee the tax process. Id. at 745. Many of those timetables
require successive examination of the appraisal records. For example, “[b]y May
15 or as soon thereafter as practicable,” the chief appraiser must submit
completed appraisal records to the appraisal review board. Tex. Tax Code Ann. §
25.22(a). By July 20, the appraisal review board must hear all protests to
these assessments and approve any changes to the appraisal records. Id.
§ 41.12(a). By July 25, the chief appraiser must then certify the appraisal
records for each taxing unit within his district. Id. § 26.01(a).

Consistent with the
reasoning in Texas Gas, these timetables imply that rendition statements
must be submitted timely in order for the tax process to function as the
legislature intended. Delinquent renditions undermine the chief appraiser’s
duty to prepare completed appraisal records, which accordingly burdens every
other statutory responsibility requiring examination of the appraisal records. By
necessity, delinquency also impedes decision-making at the local level, where
taxing units depend upon the timely administration of the tax process when they
set their own budgets. See WB Summit Props., Inc. v. Midland Cent. Appraisal
Dist., 122 S.W.3d 374, 376 (Tex. App.—El Paso 2003, pet. denied.); Aramco,
33 S.W.3d at 364 n.2. For these reasons, the legislature clearly intended for
these deadlines to be strictly respected. See Tex. Tax Code Ann. § 43.04
(authorizing a taxing unit to sue the chief appraiser or the appraisal review
board for failure to comply with the deadlines). We find wholly inconsistent
with that intent an interpretation of Section 21.055 that requires an appraisal
district to honor a request for interstate allocation when the taxpayer renders
the property without regard to the statutory timetables. 

Sturgis contends,
however, that permitting the entitlement would not be contrary to legislative
intent because the Tax Code already contains a penalty provision for delinquent
taxpayers. Under Section 22.28, “the chief appraiser shall impose a penalty on
a person who fails to timely file a rendition statement or property report
required by this chapter in an amount equal to 10 percent of the total amount
of taxes imposed on the property for that year.” Id. § 22.28(a).
Because the Tax Code provides an express penalty for delinquent renditions,
Sturgis insists that the ten percent penalty was meant to be exclusive of all
others, thereby foreclosing an interpretation of implied waiver. We disagree
because Sturgis improperly conflates the concepts of rendition and allocation.

Rendition and allocation
involve separate provisions of the Tax Code and are designed to achieve
different objectives. Rendition is the reporting of taxable property by the
owner to the appraiser. Starflight, 287 S.W.3d at 748. The statutory
rendition requirement exists under Section 22.01 to facilitate the listing,
appraisal, and taxation of property. Allocation, on the other hand, is an
entitlement benefitting the taxpayer. Id. at 749. It involves
determining the ratio of usage of personal property within each taxable situs
when the property has become subject to taxation in more than one jurisdiction.
Id. Thus, the owner of an aircraft used for business purposes may seek a
reduction in the total amount of taxes owed by establishing that another state
or jurisdiction has acquired the right to tax the same aircraft. Id.

Rendition and allocation
also carry separate consequences upon delinquency. An untimely rendition
results in the ten percent penalty mandated by Section 22.28. By contrast, an
untimely allocation request results in the taxpayer’s waiver of interstate
allocation. See Starflight, 287 S.W.3d at 749–50; Tex. Gas, 105
S.W.3d at 94. We reject any suggestion that Starflight or Section 22.28 may
implicitly allow a taxpayer to enjoy the right to interstate allocation if a
delinquent rendition is still accompanied by a contemporaneous request for
allocation. If the rendition is untimely, then by necessity, the allocation
request is likewise untimely for the same reasons we have already articulated
regarding the importance of timeliness to the Tax Code’s overall regulatory
scheme.

Therefore, we do not
interpret Section 22.28 to preclude a reading of implied waiver in Section
21.055. To hold otherwise would require the unreasonable inference that the
legislature intended for a taxpayer who untimely renders to have a superior
right to interstate allocation than a taxpayer who timely renders and simply
neglects to request the entitlement contemporaneously. Such an interpretation
would not only violate our presumption that statutes are enacted to favor the
public interest over any private interest. Tex. Gov’t Code Ann. § 311.021(5)
(West 2005). It would also contravene our cardinal rule that tax exemptions,
and provisions tantamount to tax exemptions, must be strictly construed against
the taxpayer and in favor of the taxing authority. Tex. Utils. Elec. Co. v.
Sharp, 962 S.W.2d 723, 726 (Tex. App.—Austin 1998, pet. denied); see
Bullock v. Nat’l Bancshares Corp., 584 S.W.2d 268, 271–72 (Tex. 1979).

Section 22.28 was
plainly enacted “[i]n an effort to encourage timely filings.” Starflight,
287 S.W.3d at 748. The remainder of the Tax Code contemplates that timely
renditions are necessary to administering the tax process in the manner
intended by the legislature. We therefore hold that Section 21.055 implicitly
provides that taxpayers must timely render their aircraft before they may
receive an allocation entitlement. Sturgis rendered its property after the
statutory deadline for tax years 2005 and 2006, and accordingly waived its
right to interstate allocation. On this first point, HCAD was entitled to
summary judgment as a matter of law. We need not consider the issue raised in
HCAD’s no-evidence motion for summary judgment.

CONCLUSION

The judgment of the
district court is affirmed.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices
Seymore and Christopher.