**GE CAPITAL CORPORATION, Appellant,**

v.

**DALLAS CENTRAL APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellees.**

No. 05–96–00955–CV.

Court of Appeals of Texas, Dallas.

March 26, 1998.

John Brusniak, Jr., Brusniak, Clement, Harrison & McCool, P.C., Dallas, for appellant.

Peter G. Smith, Jason Clarke Marshall, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, for appellee.

Before CHAPMAN, MORRIS and WRIGHT, JJ.

## OPINION

MORRIS, Justice.

In this ad valorem tax appraisal case, GE Capital Corporation appeals a summary judgment rendered in favor of the Dallas Central Appraisal District and Dallas County Appraisal Review Board. In nine points of error, GE Capital generally contends the trial court erred in granting summary judgment on the asserted ground that GE Capital was not entitled to substantive judicial review of an Appraisal Review Board decision made under section 25.25 of the Texas Property Tax Code. We conclude that section 25.25(g) of the tax code provides for full judicial review of Appraisal Review Board decisions made pursuant to section 25.25 of the Texas Property Tax Code. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings.

### FACTUAL BACKGROUND

GE Capital was listed on the 1994 tax appraisal roll as the owner of certain person-

al property located within Dallas County. On July 25, 1995, GE Capital filed a motion with the Appraisal Review Board to correct the appraisal roll under section 25.25(c) of the Texas Property Tax Code. GE Capital contended the appraisal roll should be corrected either because it no longer owned the subject property, it had abandoned the property before January 1, 1994, or the property was no longer in Dallas County.

On September 13, 1995, the Appraisal Review Board conducted a hearing on GE Capital's motion and denied the relief requested. Pursuant to section 25.25(g) of the tax code, GE Capital filed an original petition in district court seeking judicial review of the Appraisal Review Board's determination. GE Capital further sought relief under the Texas Uniform Declaratory Judgments Act.

The Appraisal District and Appraisal Review Board filed a motion for summary judgment on the sole ground that section 25.25(g) provided the only avenue for appeal of an Appraisal Review Board decision under section 25.25. They further argued that section 25.25(g) did not permit substantive judicial review of the Appraisal Review Board's findings, but only a review of whether the board performed its required procedural duties. Because there was no dispute about whether the board performed its procedural duties, the Appraisal District and Appraisal Review Board contended they were entitled to judgment as a matter of law. The trial court agreed and granted the motion.

DISCUSSION

■ In its fourth point of error, GE Capital contends the trial court erred in granting summary judgment because the express language of section 25.25(g) provides for full judicial review of an Appraisal Review Board determination under section 25.25. Section 25.25(g) states:

Within 45 days after receiving notice of the appraisal review board's determination of a motion under this section, the property owner or the chief appraiser may file suit to compel the board to order a change in

the appraisal role as required by this section.

TEX. TAX CODE ANN. § 25.25(g) (Vernon 1992). Relying on *Harris County Appraisal Dist. v. World Houston, Inc.*, 905 S.W.2d 594 (Tex.App.—Houston [14th Dist.] 1995, no writ), the Appraisal District and Appraisal Review Board argue this statute authorizes the trial court only to compel the review board to comply with its procedural duties such as holding hearings, taking evidence, or making actual corrections to the appraisal roll. *See id.* at 598. We disagree. Although the relief available under section 25.25 is limited, the clear and unambiguous language of section 25.25(g) provides for full judicial review of all findings and determinations made by an appraisal review board relating to changes to the appraisal roll under section 25.25. To the extent *World Houston* holds otherwise, we decline to follow it.

■ Section 25.25 provides for late correction of appraisal roll errors under certain, limited circumstances. In this case, GE Capital sought a correction of the appraisal roll under section 25.25(c). Section 25.25(c) allows the appraisal review board to change the appraisal roll at any time during a five-year period to correct: (1) clerical errors; (2) multiple appraisals; or (3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll. TEX. TAX CODE ANN. § 25.25(c) (Vernon 1992). Because the circumstances outlined in section 25.25(c) involve basic factual errors, it is apparent that the purpose of section 25.25(c) is to allow for a change of approved appraisal records without penalty to the taxpayer only in situations where the decision to make the change is based on an objective, factual determination and the payment of taxes based on the uncorrected records would be fundamentally unfair.

■ The ability to obtain judicial review of determinations made under section 25.25 is specifically addressed in section 25.25(g). That section allows a party to seek judicial relief in the form of compelling changes to the appraisal roll under the circumstances set forth in section 25.25. *See id.* § 25.25(g). In deciding whether such relief is warranted,

the court must necessarily review the findings made by the appraisal review board relating to the factual circumstances presented by the moving party. In some cases, the court must also be able to clarify the meaning of the statute and the scope of relief available under section 25.25. *See, e.g., Himont U.S.A., Inc. v. Harris County Appraisal Dist.,* 904 S.W.2d 740, 742 (Tex.App.—Houston [1st Dist.] 1995, no writ). The argument that judicial review under section 25.25(g) is limited to procedural requirements is not supported by the statute's plain language. Nothing in section 25.25(g) limits the district court's ability to compel changes only in cases in which the appraisal review board failed to follow its procedural duties. *See* TEX. TAX CODE ANN. § 25.25(g) (Vernon 1992).

The Appraisal District and Appraisal Review Board argue that the legislature intended only limited judicial review under section 25.25(g) because to provide full judicial review would duplicate the relief available under the tax code's protest provisions. Under chapter 41 of the tax code, a property owner has a right to protest a broad array of tax actions including any "action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner." *Id.* § 41.41. Although the scope of actions a property owner may protest is broad, the time period within which the property owner must initiate a protest is very limited; it is far more limited than the five-year period available under section 25.25. *Compare* § 41.44 *with* § 25.25. In most cases a notice of protest must be filed within thirty days of the day the property owner receives its notice of appraised value. *Id.* § 41.44. When chapter 41 remedies are pursued, chapter 42 of the tax code provides for judicial review of appraisal protests. *Id.* ch. 42. Such review is by trial de novo. *Id.* § 42.23.

■ The Appraisal District and Appraisal Review Board contend that GE Capital could have filed a protest under chapter 41 challenging its responsibility for taxes on the property in question. If GE Capital were allowed the same relief and judicial review under section 25.25 as was available to it under chapters 41 and 42, the Appraisal District and Appraisal Review Board argue the deadlines set for filing a chapter 41 protest would be rendered meaningless. We reject this argument because the provision for full judicial review under section 25.25 does not provide property owners with an identical remedy to that provided by chapters 41 and 42. The relief available under section 25.25 is clearly different and more limited than that available under chapter 41.

■ GE Capital filed its motion under section 25.25(c). Section 25.25(c) targets errors that occur in the appraisal roll. *See id.* § 25.25(c). For example, section 25.25(c)(3) allows the appraisal roll to be changed to correct "the inclusion of property that does not exist in the form or at the location described in the appraisal roll." *Id.* Clearly, an erroneous description in the appraisal roll cannot exist until after the appraisal roll has been established. The appraisal roll is not set until after the deadlines to file a chapter 41 protest have passed. *Id.* §§ 41.44(b), 25.24. Likewise, section 25.25(c)(2) allows the appraisal roll to be changed to correct multiple appraisals. *Id.* § 25.25(c)(2). A property owner may not be aware that his property has been appraised more than once until after he sees the appraisal roll. Section 25.25(c), therefore, provides relief not available under chapter 41. We see no reason why full judicial review should not be available to those who are detrimentally affected by factual errors appearing in the appraisal roll but who no longer have the appraisal protest provisions available to them.

The argument of the Appraisal District and Appraisal Review Board assumes that, in some cases, section 25.25(c) provides a "second chance" for property owners to seek corrections of appraisal errors that could have been addressed under chapter 41. Even assuming that section 25.25(c) allows for the correction of some errors that could have been protested under chapter 41, which is an issue we do not decide in this appeal, we cannot conclude the legislature intended

to "penalize" persons taking advantage of section 25.25(c) by limiting the judicial review available to them.

First, limiting judicial review of all motions filed under section 25.25(c) would affect not only those who neglected to file a protest under chapter 41 but also those for whom section 25.25 was the only means to seek a correction. Second, if the legislature intended to penalize parties making late corrections under section 25.25(c), it could have done so in some explicit manner, such as in section 25.25(d) under which a late correction fee is assessed.[1] *See id.* § 25.25(d). Finally, as stated above, there is nothing in the clear language of section 25.25(g) to indicate any legislative intent to limit the scope of judicial review available under that section. We sustain GE Capital's fourth point of error.

■ In its eighth point of error, GE Capital contends the trial court erred in granting summary judgment on its claim under the Texas Uniform Declaratory Judgments Act. GE Capital notes that the Appraisal District and Appraisal Review Board did not address GE Capital's claim for declaratory judgment in their motion for summary judgment and supporting brief other than to state that section 25.25(g) "sets forth the sole avenue for 'appeal' of a section 25.25 determination." The Appraisal District and Appraisal Review Board did not support this statement with either argument or authority.

■ A summary judgment may only be granted on grounds expressly set forth in the motion. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342–43 (Tex. 1993). Furthermore, an appellate court is not obligated to infer from the pleadings and proof any grounds for summary judgment other than those expressly presented. *Id.* at ·343. The Appraisal District and Appraisal Review Board's off-hand and unsupported reference to section 25.25(g) as the "sole avenue for appeal" cannot be considered an express presentation of a ground for summary judgment on GE Capital's claim for declaratory judgment. Although we have

reservations about whether GE Capital may pursue a declaratory judgment when it has an express statutory remedy, we agree the trial court erred in granting summary judgment on this claim because it was not challenged in the summary judgment motion. We sustain GE Capital's eighth point of error.

GE Capital argues in its seventh point of error that the Appraisal District and Appraisal Review Board presented no summary judgment evidence to support the Appraisal Review Board's refusal to order a correction of the appraisal roll. Our review of the summary judgment motion confirms the sole asserted ground for summary judgment was that GE Capital was not entitled to substantive judicial review of the Appraisal Review Board decision. Because there is no evidence in the record supporting the Appraisal Review Board's decision to deny GE Capital's motion to correct the appraisal roll, the summary judgment in favor of the Appraisal District and Appraisal Review Board cannot be affirmed on that basis. We sustain GE Capital's seventh point of error.

Because of our disposition of GE Capital's fourth, seventh, and eighth points of error, it is unnecessary for us to address GE Capital's remaining points of error. We reverse the trial court's judgment and remand this cause for further proceedings.

1. Under section 25.25(d), a party who seeks a late correction to the appraisal roll based on an incorrect appraised value must, if successful, pay to each affected taxing unit a late correction penalty equal to ten percent of the amount of taxes as calculated on the basis of the corrected appraised value. TEX. TAX CODE ANN. § 25.25(d) (Vernon 1992).