# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00335-CV

**Kellair Aviation Company, Appellant**

**v.**

**Travis Central Appraisal District and Travis County Appraisal
Review Board, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. GN001760, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

## **O P I N I O N**

This is an ad valorem tax appeal concerning the right of Kellair Aviation Company to avail itself of the remedy provision of section 25.25(c)(3) of the tax code to receive allocation of the market value of its passenger aircraft for tax years 1996 and 1997.  *See* Tex. Tax Code Ann. ' 25.25 (West 2001).[1] The trial court issued a take-nothing judgment against Kellair and in favor of Travis Central Appraisal District (ADistrict@) and Travis County Appraisal Review Board (ABoard@),[2] concluding that Kellair was not entitled to allocation of the value of its aircraft because (1) section 25.25(c)(3) does not provide a remedy, and (2) Kellair failed to pursue its right to interstate allocation pursuant to section 21.03 through the remedies in chapters 41 and 42 of the tax code.  Kellair presents four issues asserting: (1) it is entitled to allocation of the market value of its aircraft under section 21.03(a); (2) failure to protest allocation under chapter 41 does not result in forfeiture of remedies under chapter 25; (3) section 25.25(c)(3) provides a remedy for obtaining allocation of the value of Kellair=s aircraft for tax years 1996 and 1997; and (4) calculating allocation based on the number of departures fairly reflects the use of Kellair=s aircraft in Texas. We conclude that a motion to correct under section 25.25(c)(3) is not a proper means of seeking a commercial aircraft=s allocation and affirm the trial court=s judgment.

**FACTUAL BACKGROUND**

---

[1]  Section 25.25 has been amended since this cause of action arose, but its meaning has not changed.  We will therefore cite to the current statute.

[2]  For convenience, we will refer to appellees collectively as the ADistrict@ unless otherwise indicated.

Kellair owns a Raytheon Hawker HS 125 800 as business personal property. The aircraft was continually used in interstate and foreign commerce during each twelve-month period preceding January 1 of each tax year at issue. The aircraft was maintained in leased hangar space at the Robert Mueller Municipal Airport in Austin. Between uses, the aircraft was returned to the hangar space in Austin for repair, storage, inspection, maintenance, and service.

The aircraft was appraised for ad valorem tax purposes by the District during tax years 1996 and 1997. Kellair did not request an allocation or protest the District=s failure to allocate the market value of the aircraft during the tax years at issue.[3] The District listed the aircraft on the appraisal roll at one hundred percent of its market value for tax years 1996 and 1997. On December 30, 1999, Kellair filed a motion to correct the appraisal roll, seeking allocation of the market value of the aircraft to reflect its use in Texas for tax years 1996 and 1997. *See* Tex. Tax Code Ann. '' 21.03, 25.25(c)(3) (West 2001).

The Board held a hearing on the motion but ultimately denied Kellair=s motion to correct the appraisal roll. Kellair subsequently filed the underlying lawsuit. The case was tried to the court on the following stipulated facts: Kellair=s principal office was located in Austin, Texas, from 1995 through 2001;

---

[3] During tax years 1996 and 1997, there was a question as to the constitutionality of section 21.03 of the Texas Tax Code. Section 21.03, which recognizes a property owner=s right to interstate allocation, was declared unconstitutional in *Aransas County Appraisal Review Board v. Texas Gulf Shrimp Co.* 707 S.W.2d 186, 192 (Tex. App.CCorpus Christi 1986, writ ref=d n.r.e.). It wasn=t until 1998 that the supreme court considered the constitutionality of section 21.05 of the tax code, which recognizes a property owner=s right to interstate allocation of the value of commercial aircraft in *Appraisal Review Board v. Tex-Air Helicopters, Inc.*, 970 S.W.2d 530 (Tex. 1998). Sections 21.03 and 21.05 are identical on the principle of interstate allocation. Section 21.03 recognizes a property owner=s right to interstate allocation while section 21.05 recognizes a property owner=s right to interstate allocation of the value of commercial aircrafts. *Tex-Air* disapproved of the constitutional analysis of section 21.03 in *Gulf Shrimp* and upheld the constitutionality of section 21.05.

Kellair is the owner of the aircraft in issue; the plane was normally returned to Kellair=s leased hangar space at the Robert Mueller Municipal Airport between uses for repair, storage, inspection, maintenance and service; the plane had a taxable situs in Texas; and during tax years 1996 and 1997, Kellair did not request allocation and did not protest the District=s failure to allocate. The trial court found in favor of the District and signed a take-nothing judgment, which Kellair now appeals.

## DISCUSSION

The main issue before this Court is not whether, under the current law, Kellair is entitled to allocation of its aircraft when it is used in interstate commerce. Both parties agree that sections 21.03 and 21.05 of the tax code allows Texas tax authorities to tax only that part of a commercial aircraft=s value that fairly reflects the aircraft=s use in Texas.[4] Tex. Tax Code Ann. '' 21.03, 21.05(a) (West 2001); *see Appraisal Review Bd. v. Tex-Air Helicopters, Inc.*, 970 S.W.2d 530, 532 (Tex. 1998) (upholding the constitutionality of section 21.05). The issue this Court must decide is whether section 25.25(c)(3) allows a correction of the District=s appraisal roll for tax years 1996 and 1997 under these facts. Kellair recognizes that section 41.41 of the tax code provides the remedy for a current year protest, but argues that section 25.25 provides a method for a property owner to seek a correction of a prior year=s tax roll in very limited circumstances. Kellair contends that the failure to grant an interstate allocation under section 21.03(a) involves an error that is subject to correction under section 25.25(c)(3).

---

[4] Because the parties do not dispute that Kellair would otherwise be entitled to allocation under section 21.03, Kellair=s first issue is moot; therefore, we will not address it.

4

Section 41.41 of the tax code entitles the property owner to file a written protest with the Appraisal Review Board before June 1 of the taxing year or not later than thirty days after the date that the notice was delivered to the property owner. Tex. Tax Code Ann. ' 41.41 (West 2001). By contrast, section 25.25 of the Tax Code grants a five-year window to correct clerical or certain other limited errors:

> (a) Except as provided by Chapters 41 and 42 of this code and by this section, the appraisal roll may not be changed.
>
> . . . .
>
> (c) The appraisal review board, on motion of the chief appraiser or of a property owner, may direct by written order changes in the appraisal role for any of the five preceding years to correct:
>
> (1) clerical errors that affect a property owner=s liability for a tax imposed in that tax year;
>
> (2) multiple appraisals of a property in that tax year; or
>
> (3) the inclusion of property that *does not exist in the form or at the location described in the appraisal roll.*

Tex. Tax Code Ann. ' 25.25 (West 2001) (emphasis added).

Under chapter 41 of the tax code, a property owner has the right to protest a broad array of tax actions. Although the scope of actions that may be protested is broad, the time period within which the property owner must initiate a protest is limitedCfar more limited than the five-year period available under section 25.25.[5] *Compare* Tex. Tax Code Ann. ' 41.44, *with* Tex. Tax Code Ann. ' 25.25. In

---

[5] The legislature is aware of the need for a taxing entity to establish a final tax roll so that it can use that information in making its budget. Therefore, the legislature has built in these time frames within which

most cases, a notice of protest must be filed within thirty days of the date the property owner receives notice of the appraised value. *GE Capital Corp. v. Dallas Cent. Appraisal Dist.*, 971 S.W.2d 591, 594 (Tex. App.CDallas 1998, no pet.). Section 25.25 allows the appraisal review board to change the appraisal roll at any time during a five-year period to correct basic factual errors. *Id.* at 593. Because of the circumstances outlined in section 25.25(c), it is apparent that the purpose is to correct objective, factual errors that would cause the payment of taxes based on the uncorrected records to be fundamentally unfair. *Id.*

Kellair contends that section 25.25(c)(3) allows a property owner to obtain interstate allocation because the portion of the airplane allocable to interstate commerce *did not exist* at the location described in the appraisal roll. The tax code does not explain what is meant by the phrase Aproperty that does not exist in the form or at the location described in the appraisal roll.@ Tex. Tax Code Ann. ' 25.25(c)(3); *Titanium Metals Corp. v. Dallas County Appraisal Dist.*, 3 S.W.3d 63, 66 (Tex. App.CDallas 1999, no pet.). *Titanium Metals* defined the term Aform@ in section 25.25(c)(3) to mean the property=s identification as real property, personal property, or some other physical description of the property *other than its appraised value or its use*. 3 S.W.3d at 66 (citing *Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp.*, 905 S.W.2d 318, 321 (Tex. App.CDallas 1995, writ denied)). Therefore, the court reasoned, section 25.25(c)(3) applies only when *no* property exists in the form or at the location described in the appraisal roll. *Id.*; *see G.T.E. Directories*, 905 S.W.2d at 321. In other words, section

---

protests are required to be filed. *Aramco Associated Co. v. Harris County Appraisal Dist.*, 33 S.W.3d 361, 364 n.2 (Tex. App.CTexarkana 2000, pet. denied).

25.25(c)(3) permits correction of the appraisal roll only when it erroneously reflects that a particular form of property exists at a specified location and, in fact, no such property exists at that location. *Titanium Metals*, 3 S.W.3d at 66.

Several Texas courts have explored the remedies available under section 25.25(c)(3) Kellair relies on *Himont USA, Inc. v. Harris County Appraisal Dist.*, 904 S.W.2d 740 (Tex. App.CHouston [1st Dist.] 1995, no writ). Himont owned and operated railcars that were used continually in interstate commerce. The appraisal district included the full value of the railcars in its appraised value. Himont had not previously requested allocation and did not protest the appraised value pursuant to chapter 41 of the tax code. Himont later filed a motion requesting allocation, which was denied. The court of appeals noted that since Himont failed to avail itself of the remedies in chapters 41 and 42 of the tax code, the appraisal rolls could only be corrected *if* the language of section 25.25(c)(3) appliedC that is, if the rolls included property that did not exist in the form or at the location described in the roll. Himont argued that the excess value of its railcars did not exist in the location described in the appraisal roll, thus correction of the rolls under 25.25(c)(3) was applicable. The court agreed, concluding, Athe portion of Himont=s railcars allocable to interstate commerce does not exist at the location described in the appraisal roll.@ *Id*. at 743.

Since *Himont*, every Texas court considering the availability of allocation as a remedy has disapproved *Himont* and held that the language of section 25.25(c)(3) cannot be expanded to include such a remedy. In *Aramco Associated Co. v. Harris County Appraisal District*, a case directly on point to this appeal, the Texarkana Court of Appeals held that based on Aramco=s stipulation that the property did have taxable situs within the taxing entity=s jurisdiction, and that the property did exist in the form described

**7**

on the appraisal roll, the relief offered by section 25.25(c)(3) was not a proper remedy for Aramco=s request to allocate the value of the property. 33 S.W.3d 361, 364 (Tex. App.CTexarkana 2000, pet denied).

Shortly after the *Aramco* decision, the San Antonio Court of Appeals held that a motion to correct an appraisal under section 25.25(c)(3) was not a proper method of seeking allocation of the value of commercial aircraft used in interstate commerce. *Gunn v. Bexar County Appraisal Dist.*, 71 S.W.3d 425, 426 (Tex. App.CSan Antonio 2002, pet. denied). Gunn had failed to protest the appraised value of its aircraft for tax years 1997 through 1999 and sought allocation to correct the appraisal rolls under section 25.25(c)(3). The court, citing *Aramco*, concluded that Abecause personal property can have more than one taxable situs, if the location described on the tax roll is a taxable situs of the property, the aircraft did exist at that location, precluding review under section 25.25(c)(3).@ *Id.* at 428. We find the reasoning of *Aramco* and *Gunn* more persuasive and decline to follow *Himont*.

In the present case, there is a stipulation that the aircraft did exist at the location, which was a legal situs for tax purposes, and did exist in the form described in the appraisal, a Raytheon Hawker HS 125 800. Thus, the relief offered by section 25.25(c)(3) is not a proper remedy for Kellair=s protest. In *Gunn*, the court characterized Gunn=s motion to correct as an improper challenge of the appraised value of the aircraft, agreeing with the *Aramco* court=s reasoning as follows: AThe legislature has given property owners two procedures to challenge appraised values on appraisal rolls under chapters 41 and 42 and under section 25.25(d).[6] The legislature has placed restrictions on the right to challenge the appraised value

---

[6] Section 25.25(d) provides that A[a]t any time prior to the date the taxes become delinquent, a

8

in both procedures.@ *Id*. at 429. We agree with the court in *Gunn* that broadly construing Allocation@ to permit a challenge under section 25.25(c)(3) to the allocation of the appraised value would be contrary to the legislative scheme of providing a taxing entity the ability to establish a final tax roll. *See id.* at 429.

Kellair cannot use section 21.03 to prove that the plane was not located within the district for purposes of correction under section 25.25(c)(3), which requires that the property not exist at the location indicated on the appraisal roll. Because section 25.25(c)(3) only authorizes changes for errors in the description of the form or location of property in the appraisal roll, Kellair is essentially asking this Court to do is look behind the appraisal roll to determine how value was determined. This we will not do. We overrule issue three.

In its second issue, Kellair claims the trial court erred in its conclusion that Kellair was not entitled to interstate allocation because it failed to pursue its allocation request through the remedies in chapter 41 of the tax code. Kellair claims that the trial court=s conclusion ignores the application of section 25.25(c)(3) and creates a forfeiture or waiver where none exists. We disagree. The court in *Aramco* addressed this very issue. *Aramco*, 33 S.W.3d at 364. While the court agreed that Aramco had a constitutional right to allocation, it said that Aramco could have had the property apportioned *if* it had properly sought this benefit through section 41.41 of the tax code. *Id*. The court went on to say that even

property owner . . . may file a motion with the appraisal review board to change the appraisal roll to correct an error that resulted in an incorrect appraised value . . . .@ Tex. Tax Code Ann. ' 25.25(d) (West 2001). This provision is not an issue in this appeal.

constitutional entitlement can be waived when a party fails to follow the implementing legislation. *Id.* Aramco failed to obtain relief under chapters 41 and 42 and sought relief under section 25.25(c)(3). *Id.* The court concluded that because the aircraft in question did exist at the location and in the form described in the appraisal roll, section 25.25(c)(3) was not a proper remedy for Aramco=s protest. *Id.* Therefore, by failing to timely file a protest under section 41.41, Kellair has waived its right to allocation for tax years 1996 and 1997. Kellair=s second issue is overruled. Having decided that Kellair is not entitled to allocation under section 25.25(c)(3), it is unnecessary for us to reach its fourth issue concerning calculating allocation.

## CONCLUSION

Because we hold that a motion to correct under section 25.25(c)(3) is not a proper means of seeking allocation of property used in interstate commerce, we affirm the trial court=s judgment.

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: February 6, 2003