Reversed and Rendered and Opinion filed February 27, 2003















Reversed and
Rendered and Opinion filed February 27, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00445-CV

____________

 

HARRIS COUNTY APPRAISAL DISTRICT, Appellant

 

V.

 

TEXAS EASTERN
TRANSMISSION CORPORATION, Appellee

 

__________________________________________

 

On Appeal from
the 164th District Court

Harris County, Texas

Trial Court
Cause No. 00-41315

 

__________________________________________

 

O P I N I O
N

            The Harris County Appraisal District
(“District”) appeals the trial court’s decision to grant interstate allocation
of property tax on aircraft owned by appellee, Texas
Eastern Transmission Corporation (“TETC”). 
We conclude that the appraisal rolls should not have been changed and
that full market value of the aircraft should be listed on the appraisal rolls.  Accordingly, we reverse the judgment of the
trial court.

 








BACKGROUND

            TETC owns the two business aircraft
in question — a BAE 330X and a Gulfstream 179T.  Although TETC registered them at Hobby Airport in Houston, Texas, the
aircraft have flown to and from many different states through the years.[1]  Both aircraft were normally returned to Texas for
repair, storage, inspection, maintenance, and service.  From 1995 through 1998, TETC submitted
appraisal values of the aircraft for ad valorem tax
purposes.  In those years, the District
listed the aircraft on the appraisal rolls at 100% of their market value.  During those years, TETC was entitled to
allocate the fair market value of, and thus the tax liability for, the aircraft
between the various states from which they departed.  See Tex. Tax Code Ann. § 21.03 (Vernon
2001).[2]  However, in that time, TETC did not request
an allocation and did not protest the District’s failure to allocate the market
value of the aircraft. 

            Finally realizing that it could have
allocated the value of the aircraft, in 2000, TETC sought to correct the 1995
to 1998 appraisal rolls pursuant to section 25.25(c)(3) of the Texas Tax
Code.  TETC wanted the appraisal rolls to
reflect tax liability only for the time each aircraft was located in Texas.  However, the District rejected TETC’s request.  TETC
then filed suit in district court, seeking such an allocation for 1995 to 1997.[3]  The parties 

 class=Section3>

stipulated
to a statement of facts, and the flight logs of each aircraft were included in
the record.  Neither side disputed each
aircraft’s interstate flights.  The trial
court determined that during the tax period, the aircraft were used both in Texas and
out-of-state and ordered corresponding adjustments to the appraisal rolls.[4] 

DISCUSSION

            The District raises two issues.  First, it claims TETC failed to produce
sufficient information to support an allocation.  Second, the District contends that Tax Code
section 25.25(c)(3) is not applicable under the stipulated facts.  We will not address the first issue because
our holding on the second issue is dispositive of the
entire case. 

            There is no dispute that an owner of
a business aircraft used in Texas only part
of the time is entitled to receive an interstate allocation.  See
Tex. Tax Code Ann. § 21.03
(personal property used continually outside of state); see also Fairchild Aircraft, Inc. v. Bexar Appraisal Dist., 47
S.W.3d 577, 583 (Tex. App.—San Antonio 2001, no pet.) (commercial aircraft); Tex. Tax Code Ann. § 21.055 (business
aircraft, effective after tax years in question in this case).  Accordingly, we must determine which section
of the Tax Code governs TETC’s request for
allocation.  Clearly, an owner may
protest a property valuation before June 1 of the applicable tax year or within
thirty days after the owner receives notice of the appraised value.  See
Tex. Tax Code Ann. § 41.44(a)(1)
(Vernon 2001).  Further, the owner may
appeal the District’s determination of the protest within forty-five days after
receiving the final order.  See Tex.
Tax Code Ann. § 42.21(a) (Vernon 2001). 
In short, a remedy is available for a taxpayer to receive an allocation,
if the request is timely filed.   See Tex.
Tax Code Ann. §§ 41.01–41.71 (Vernon 2001).

            However, some taxpayers, as in this
case, file a protest under section 25.25 after failing to seek an allocation
during the applicable tax year.  Section
25.25 provides, in part:

(a)       Except
as provided by Chapters 41 and 42 of this code and by this section, the
appraisal roll may not be changed.

            . . . . 

(c)       The
appraisal review board, on motion of the chief appraiser or of a property
owner, may direct by written order changes in the appraisal role for any of the
five preceding years to correct:

            . . . . 

(3)       the inclusion of property that does not
exist in the form or at the location described in the appraisal roll.

Tex. Tax Code Ann. § 25.25 (Vernon 2001).  

            The Texas Supreme Court has not
decided whether section 25.25(c)(3) permits an allocation when property is used
both in Texas and in
other states during a tax year.  However,
several appellate courts have addressed this issue, and every court but one has
reached the same conclusion—a taxpayer may not obtain an allocation under
section 25.25(c)(3).  See A&S Air Serv.,
Inc. v. Denton Central Appraisal Dist., No. 02-02-042-CV, 2003 WL 301789
(Tex. App.—Fort Worth Feb. 13, 2003, no pet. h.); Kellair Aviation Co., 2003 WL 247113, at *4; Curtis C. Gunn, Inc. v. Bexar County Appraisal Dist., 71 S.W.3d
425, 429 (Tex. App.—San Antonio 2002, pet. denied); Aramco Associated Co. v. Harris County Appraisal Dist., 33 S.W.3d 361,
365 (Tex. App.—Texarkana 2000, pet. denied); see, e.g., Corsicana Co. v. Dallas Central Appraisal Dist., No.
05-01-00759-CV, 2002 WL 244326, at *2 (Tex. App.—Dallas Feb. 21, 2002, no pet.)
(not designated for publication).  Only
the First Court of Appeals has interpreted section 25.25(c)(3) to permit an
interstate allocation.  See Himont U.S.A., Inc. v. Harris County
Appraisal Dist., 904 S.W.2d 740 (Tex. App.—Houston [1st Dist.] 1995, no
writ).  The court interpreted section
25.25(c)(3) broadly, holding that “[l]ocation or situs for ad valorem tax purposes
is determined by whether the taxing state has a sufficient nexus with the
personal property sought to be taxed to justify the tax.”  Id. at 743.  The
court construed “location” to include tax situs,
rather than physical location, and allowed this term to justify an interstate
allocation.  See id. 

            Our sister courts have concluded
that the First Court of Appeals went too far in its interpretation of
“location.”  See Kellair, 2003 WL 247113, at *3; Curtis C. Gunn, Inc., 71 S.W.3d at 429; Armaco, 33 S.W.3d
at 365.  These courts determined that a
correction under section 25.25(c)(3) is allowed only when “no property exists in the form or at the location described in the appraisal
roll.”  Aramco, 33 S.W.3d at 365
(emphasis added).  Such a reading is more
consistent with the purpose of the statute to correct clerical or “factual
errors that would cause the payment of taxes based on uncorrected records to be
fundamentally unfair.”  Kellair, 2003 WL
247113, at *2–3.  If no property exists
at the location described, a correction of the appraisal roll is required.  See
Curtis C. Gunn, Inc., 71 S.W.3d at 428. 
Section 25.25(c)(3) does not authorize an allocation just because the property
exists at the location for a shorter amount of time than described on the
appraisal roll.  In order to receive a
section 25.25(c)(3) correction, the appraisal roll must erroneously reflect
“that a particular form of property exists at a specified location and, in
fact, no such property exists at that location.”  Titanium
Metals v. Dallas County Appraisal Dist., 3 S.W.3d 63, 66 (Tex. App.—Dallas
1999, no pet.).

            We agree with the courts’ reasoning
in Aramco, Curtis C. Gunn, Inc., Kellair Aviation, and A&S Air Service.  Section
25.25(c)(3) does not provide a means to allocate the appraised value of a
business aircraft.  Here, TETC stipulated
that its aircraft returned to Texas for repair
and maintenance.  Further, almost half of
all departures occurred in Texas.  Thus, the aircraft existed or were located in
Texas during the
tax period in question.  Further, TETC
missed the deadline to challenge the property valuation under chapter 41 of the
Tax Code.  Because TETC may not invoke
section 25.25(c)(3) for an untimely allocation, the trial court erred in
ordering changes to the tax rolls for 1995 through 1997.  Accordingly, we reverse and render judgment
that the tax rolls for the years 1995, 1996, and 1997 reflect the full market
value of the aircraft.[5]

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed February
 27, 2003

Panel
consists of Chief Justice Brister, Justices Edelman and Seymore.

 

 











            [1]  For the BAE 330’s departures in 1995, 96 of
177 were from non-Texas locations.  In
1996, 108 of 208 departures were out-of-state. 
TETC did not own the BAE 330 in 1997. 
For the Gulfstream, 82 of 134 departures in
1995 were from non-Texas locations.  In
1996, 65 of 122 departures were out-of-state. 
And in 1997, of 101 departures, 51 were out-of-state.





            [2]  The validity of section 21.03 was in doubt in
the tax years 1995 through 1997 because it had been declared unconstitutional
in Aransas County Appraisal Review Bd. v.
Tex. Gulf Shrimp Co., 707 S.W.2d 186, 192 (Tex. App.—Corpus Christi 1986,
writ ref’d n.r.e.).  In 1998, the Texas Supreme Court expressly
disapproved the constitutional analysis of this case in Appraisal Review Bd. of Galveston County v. Tex-Air Helicopters, Inc.,
970 S.W.2d 530, 534 (Tex. 1998) (overruling constitutional challenge to Tax
Code section 21.05, which is identical to section 21.03 on the principle of
interstate allocation).  See Kellair Aviation Co. v. Travis Central Appraisal Dist., No.
03-02-00335-CV, 2003 WL 247113, at *1 n.3 (Tex. App.—Austin Feb. 6, 2003, no
pet. h.).  





            [3]  Earlier, the District and TETC reached an
agreement about the 1998 appraisal roll value.





            [4]  Under current law, to determine the
appropriate tax allocation for an interstate business aircraft, the full, fair
market value of the aircraft is multiplied by a fraction.  The numerator of the fraction is the number
of departures from  Texas, and the
denominator is the total number of departures. 
Tex. Tax Code Ann. §
21.055 (Vernon 2001).





            [5]  In 1995, the BAE 330X had a full market value
of $6,938,090.  In 1996, it had a full
market value of $5,238,000.  In 1995, the
Gulfstream 179T had a full market value of
$3,664,910.  In 1996, it had a full
market value of $2,779,000.  And in 1997,
it had a market value of $3,055,000.