# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON REMAND

---

## NO. 03-21-00069-CV

---

**J-W Power Company, Appellant**

**v.**

**Sterling County Appraisal District, Appellee**

---

### FROM THE 51ST DISTRICT COURT OF STERLING COUNTY
### NO. 2685, THE HONORABLE CARMEN DUSEK, JUDGE PRESIDING

---

## O P I N I O N

J-W Power Company appeals the trial court's summary judgment, in which the court ruled that J-W Power take nothing on its suit for judicial review of the denial of its motion to correct county appraisal rolls for tax years 2013 through 2016. *See* Tex. Tax Code § 25.25(c) (providing for motions to correct appraisal rolls).[1] But because appellee Sterling County Appraisal District (SCAD) was entitled to judgment as a matter of law on both grounds raised by J-W Power's Section 25.25(c) motion, we affirm.[2]

---

[1] This case is on remand from the Supreme Court of Texas. *See generally J-W Power Co. v. Sterling Cnty. Appraisal Dist.*, 691 S.W.3d 466 (Tex. 2024), *rev'g* 684 S.W.3d 480 (Tex. App.—Austin 2022).

[2] All statutory references below with the construction "Section *x*" or "Subsection *y*" are to provisions in the Tax Code.

## BACKGROUND

J-W Power owns natural-gas compressors that it leases to customers for use in oil-and-gas fields. Its customers use the compressors in counties throughout Texas, but when one of its compressors is not under lease, J-W Power, as relevant here, keeps the compressor at a storage yard in Ector County. During the tax years at issue, J-W Power leased compressors to customers who used them in Sterling County. Tax Code sections 23.1241 and 23.1242, as amended effective January 1, 2012, provide generally that items leased from a "dealer's heavy equipment inventory" may be appraised for taxation only in the county in which the inventory is based and maintained. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 322, §§ 1–10, 2011 Tex. Gen. Laws 938, 938–41; *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572, 581–86 (Tex. 2018). J-W Power argues that it was at all times relevant a dealer with a "dealer's heavy equipment inventory" (DHEI).

Even after Sections 23.1241 and 23.1242 were passed by the legislature and approved by the governor, Sterling County authorities appraised J-W Power's compressors located in Sterling County. J-W Power protested the appraisals under Section 41.41. The Sterling County appraisal review board denied the protests, and J-W Power did not challenge the denials in court.

In early 2018, the Supreme Court of Texas issued *EXLP Leasing*, which explains how Sections 23.1241 and 23.1242 work. *See* 554 S.W.3d at 572. J-W Power then filed with the appraisal review board a motion under Section 25.25(c)(2) and (3) to correct the county's appraisal rolls for tax years 2013 through 2016. It argued that under *EXLP Leasing*'s analysis of Sections 23.1241 and 23.1242, the Sterling County authorities should not have appraised any of J-W Power's compressors in Sterling County because they were all part of a DHEI "based and

maintained" in Ector County and that thus only Ector County authorities could appraise the compressors. *See id.* at 574–75, 581–86.

After a hearing, the appraisal review board denied J-W Power's Section 25.25(c) motion. J-W Power appealed the denial via this suit for judicial review against SCAD. SCAD answered and moved for a summary judgment on all J-W Power's claims. For its part, J-W Power moved for a partial summary judgment on, among other things, the two grounds that it had raised in its Section 25.25(c) motion—one under Subsection (c)(2) and one under Subsection (c)(3). After responsive filings by each side, the trial court denied J-W Power's motion, granted SCAD's, and rendered a final take-nothing summary judgment for SCAD, specifying only that "all relief to the Plaintiff" was "being denied."

On original submission of the appeal, we concluded that SCAD's *res judicata* ground was alone sufficient to affirm the trial court's summary judgment. In doing so, we erred to conclude that the earlier denials of J-W Power's Section 41.41 protests had preclusive effect on its later Section 25.25(c) motion despite Section 25.25(*l*). *See J-W Power Co. v. Sterling Cnty. Appraisal Dist.*, 691 S.W.3d 466, 468–69 (Tex. 2024). The Supreme Court of Texas reversed our opinion and judgment on that basis and remanded this case to us for further proceedings, to involve the "several other arguments in [SCAD]'s motion[] for summary judgment." *See id.* at 474.

## APPLICABLE LAW

Located in the Tax Code, the Property Tax Code governs the appraisal of personal property and assessment of *ad valorem* taxes on the appraised property.[3] *See* Tex. Tax Code

---

[3] In the Code, "'[p]ersonal property' means property that is not real property." Tex. Tax Code § 1.04(4).

§§ 1.01–.02, 11.01, 23.01–.9808, 25.01, 26.01; *see generally id.* §§ 1.01–43.04 (entire Code). Generally speaking, the Code assigns the task of appraising personal property to county appraisal districts, which are led by chief appraisers. *See id.* §§ 6.01–.05, 23.01–.9808. The Code typically requires appraising personal property for its market value using one of a few generally accepted computation methods to determine that value. *See EXLP Leasing*, 554 S.W.3d at 577 (explaining Tex. Tax Code §§ 23.01, 23.011–.013). "The code then supplements these baseline valuation methods with a bevy of 'special appraisal provisions'—an entire subchapter's worth—establishing different valuation rules and formulas for discrete categories of property." *Id.* (explaining Tex. Tax Code §§ 23.11–.26). One such special appraisal scheme concerns DHEI. *See* Tex. Tax Code §§ 23.1241–.1242; *EXLP Leasing*, 554 S.W.3d at 577–78.

After an appraisal district completes its appraisal tasks, usually by around mid-May every year, and after the county's appraisal review board resolves any relevant protests, the chief appraiser by around late July certifies to the relevant taxing units appraisal rolls of the property subject to taxation by each unit. *See* Tex. Tax Code §§ 25.01, 25.24, 26.01, 41.12; *J-W Power*, 691 S.W.3d at 471. The taxing units use the certified appraisal rolls when budgeting and setting annual tax rates. *See* Tex. Tax Code §§ 26.01–.18.

An owner seeking to change an appraisal district's treatment of the owner's property has at least two statutory options—a Section 41.41 protest or a Section 25.25(c) motion, both of which are submitted to the relevant appraisal review board. *See id.* §§ 25.25(c), 41.41; *J-W Power*, 691 S.W.3d at 470. "Although Chapter 41 protests 'are broad in scope and weigh[ted] in favor of the property owner,' they are also 'subject to strict time limitations.'" *Oncor Elec. Delivery Co. NTU, LLC v. Wilbarger Cnty. Appraisal Dist.*, 691 S.W.3d 890, 895 (Tex. 2024) (quoting *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 40 (Tex.

2018) (op. on reh'g)). "Generally, the property owner must lodge a section 41.41 protest no later than 30 days after receiving notice of the appraised value, or before May 15, whichever is later." *J-W Power*, 691 S.W.3d at 470 (citing Tex. Tax Code § 41.44(a)(1)). "The Code lists several specific grounds for a section 41.41 protest, plus a catch-all provision." *Id.* at 470–71 (discussing Tex. Tax Code § 41.41(a)(1)–(9)).

Much more limited in what the property owner may challenge are Section 25.25(c) motions, by which owners may seek "changes in the appraisal roll for any of the five preceding years to correct" only a few kinds of errors. *See* Tex. Tax Code § 25.25(c); *J-W Power*, 691 S.W.3d at 471. These motions deal with correcting the already completed appraisal rolls: "Section 25.25 'allows corrections after the time to protest has expired and appraisal rolls have been approved,' but '[s]uch corrections can be made only under limited circumstances.'" *Oncor Elec. Delivery Co. NTU*, 691 S.W.3d at 895 (quoting *Sebastian Cotton & Grain*, 555 S.W.3d at 40). Two kinds of errors that a Section 25.25(c) motion may seek to correct are "multiple appraisals of a property in that tax year" and "the inclusion of property that does not exist in the form or at the location described in the appraisal roll." *See* Tex. Tax Code § 25.25(c)(2), (3).

An owner may appeal an appraisal review board's denial of the owner's Section 25.25(c) motion to district court. *See id.* § 42.01(a)(1)(B). The appeal is a suit for judicial review against the appraisal district, and the standard of review in the suit is trial *de novo*, with the district court "try[ing] all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally." *See id.* § 42.23(a); *Oncor Elec. Delivery Co. NTU*, 691 S.W.3d at 896.

5

## STANDARD OF REVIEW

We review a district court's summary judgment *de novo*. *Bastrop Cent. Appraisal Dist. v. Acme Brick Co.*, 428 S.W.3d 911, 915 (Tex. App.—Austin 2014, no pet.). Because, here, the trial court in its summary judgment did not specify why it granted SCAD's motion and denied J-W Power's, J-W Power on appeal must negate each ground on which the summary judgment could properly have been based. *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022).

"Summary judgment is proper when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Angel v. Tauch*, 642 S.W.3d 481, 488 (Tex. 2022). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, both sides move for a summary judgment on the same issues and the trial court grants one side's motion and denies the other's, we "consider[] the summary judgment evidence presented by both sides, determine[] all questions presented, and if [we] determine[] that the trial court erred, render[] the judgment the trial court should have rendered." *Id.*

When a defendant moves on the plaintiff's claim, the defendant is entitled to summary judgment if it conclusively negates at least one element of the claim. *See* Tex. R. Civ. P. 166a(b), (c); *Little v. Texas Dep't of Crim. Just.*, 148 S.W.3d 374, 381 (Tex. 2004). If the defendant carries its initial summary-judgment burden, then the burden shifts to the plaintiff to produce evidence creating a genuine issue of material fact on the contested element. *See Zeifman v. Nowlin*, 322 S.W.3d 804, 807 (Tex. App.—Austin 2010, no pet.). "A genuine issue of material fact exists if the nonmovant produces more than a scintilla of evidence establishing the existence

6

of the challenged element." *Id.* "More than a scintilla of supporting evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions." *Id.* No more than a scintilla of evidence exists "when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *See id.* (quoting *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)).

## DISCUSSION

J-W Power in its suit for judicial review challenges the denial of its Section 25.25(c) motion to correct the appraisal rolls for tax years 2013 through 2016. It argued in its motion that compressors it owned and leased to others should not have been on the appraisal rolls because the compressors were part of a DHEI based and maintained in Ector County and thus not taxable by Sterling County authorities, under *EXLP Leasing*. *See* 554 S.W.3d at 583–86.

The statutory grounds under which J-W Power pressed this argument were that the appraisal rolls caused "multiple appraisals of" the compressors in the relevant tax years, under Section 25.25(c)(2), and that the rolls included "property"—the compressors—"that does not exist in the form or at the location described in the appraisal roll," under Section 25.25(c)(3). *See* Tex. Tax Code § 25.25(c)(2), (3). We hold that SCAD was entitled to judgment as a matter of law because the summary-judgment record conclusively negates at least one element of each of J-W Power's Section 25.25(c)(2) and (c)(3) positions.

### *Section 25.25(c)(2)—Multiple Appraisals*

J-W Power argues that its compressors were subject to multiple appraisals under Section 25.25(c)(2) because its compressors listed on Sterling County's appraisal rolls for tax

7

years 2013 through 2016 were also appraised in Ector County.[4]  This ground depends on an appraisal of the compressors at issue in Ector County via appraisal of J-W Power's inventory of compressors.[5]

As for activity in Ector County, the summary-judgment evidence includes (a) the *annual DHEI declarations* that J-W Power filed with the Ector County chief appraiser[6]; (b) the *monthly DHEI tax statements* that it filed with the Ector County tax collector, showing compressor rental revenues and the purported unit property tax for those leased compressors[7]; and (c) the *property-tax payments* it made to Ector County taxing units for the tax years in question.  J-W Power's vice president swore in affidavits that these payment records were the "cover letter, check and tax bill records for taxing units in Ector County" and that they were J-W Power's "payment

---

[4]  Otherwise, to the extent that J-W Power argues that Sterling County authorities appraised the compressors and Ector County authorities should have but did not appraise the compressors, we reject that this scenario would constitute "multiple appraisals" by the taxing authorities. *See* Tex. Tax Code § 25.25(c)(2).  To constitute multiple appraisals of a compressor, there must be more than one appraisal of the compressor.  *See Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) ("We read statutes contextually to give effect to every word, clause, and sentence, because every word or phrase is presumed to have been intentionally used with a meaning and a purpose.  Words not statutorily defined bear their common, ordinary meaning unless a more precise definition is apparent from the statutory context or the plain meaning yields an absurd result." (internal citations omitted)); *cf. Bosque Disposal Sys., LLC v. Parker Cnty. Appraisal Dist.*, 555 S.W.3d 92, 97 (Tex. 2018) ("[W]e do not presume double taxation merely because it is semantically possible to include one valuable aspect of the property in two different appraisal accounts.  Instead, 'evidence about what property was or was not included' in each appraisal account should be consulted to determine whether double taxation has in fact occurred." (quoting *Matagorda Cnty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 336 (Tex. 2005))).

[5]  In neither its Section 25.25(c) motion, its live pleadings in the trial court, nor its summary-judgment filings has J-W Power raised any issue about whether Ector County authorities appraised the particular compressors that Sterling County authorities appraised not as an inventory but only as individual compressors.

[6]  *See* Tex. Tax Code § 23.1241(a)(4), (f).

[7]  *See* Tex. Tax Code § 23.1242(a)(3), (b), (e), (f), (i).

for the inventory taxes on its inventory pursuant to section 23.1242 of the Texas Tax Code." J-W Power's motion for partial summary judgment says similarly that the payment records showed that: "J-W Power tendered payments during each relevant tax year to the taxing authority in Ector County, where taxable situs was established for J-W Power's inventory of compressors held for lease and use in Sterling County"; "J-W Power tendered payment on its DHEI in Ector County as required by section 23.1242 of the Texas Tax Code"; "SCAD's unlawful appraisal has resulted in multiple appraisals of J-W Power's DHEI in multiple counties"; and "J-W Power reported and tendered payment of its taxes on its DHEI in Ector County, the proper situs for the property, for each tax year at issue."

The summary-judgment evidence also includes a 2020 affidavit by the Ector County chief appraiser. She described J-W Power's accounts with the county's appraisal district:

> Ector County Appraisal District account number 99200.42511.00000 is a business personal property account in the owner name of J-W Power Company, and has been so at all times since its creation. It has never been a dealer heavy equipment inventory account and has not encompassed any value from leased compressors.
>
> Ector County Appraisal District created a heavy equipment dealer inventory account in the name of J-W Power Company in 2013, account number 99502.42511.00000.

J-W Power's annual DHEI declarations and monthly DHEI tax statements uniformly reference account 99502.42511.00000—the DHEI account with the Ector County Appraisal District.

But the payment records reference only account 99200.42511.00000—the non-DHEI, personal-property account. The summary-judgment evidence thus shows that the only tax bills sent by Ector County authorities to J-W Power, and the only payments that J-W Power made to Ector County authorities, were for the non-DHEI account. Yet for the proper authorities to appraise DHEI under the special statutory scheme, the authorities need have received the

9

owner's prepayment, determined the applicable tax liability, applied to that amount the owner's prepayment, and then billed the owner for any deficiency or credited the owner for any overpayment. *See* Tex. Tax Code § 23.1242(a), (b), (c), (h); *EXLP Leasing*, 554 S.W.3d at 583–84. The summary-judgment evidence proves that no such process occurred here—Ector County authorities appraised, and J-W Power paid for, only non-DHEI personal property. *See Bosque Disposal Sys., LLC v. Parker Cnty. Appraisal Dist.*, 555 S.W.3d 92, 97 (Tex. 2018) ("[W]e do not presume double taxation merely because it is semantically possible to include one valuable aspect of the property in two different appraisal accounts. Instead, 'evidence about what property was or was not included' in each appraisal account should be consulted to determine whether double taxation has in fact occurred." (quoting *Matagorda Cnty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 336 (Tex. 2005))). Thus, there was no appraisal by Ector County authorities of J-W Power's compressor DHEI.

Nor do the annual DHEI declarations and monthly DHEI tax statements raise any genuine issue of material fact about whether Ector County authorities appraised the compressors. The declarations and monthly statements are but "precursors" to the proper authorities' appraisal tasks under the special appraisal scheme for DHEI. *See* Tex. Tax Code §§ 23.1241–.1242; *EXLP Leasing*, 554 S.W.3d at 583–84. Owners file the annual declaration, and they file the monthly statements along with a prepayment of tax on the DHEI. *See* Tex. Tax Code §§ 23.1241–.1242; *EXLP Leasing*, 554 S.W.3d at 583–84. Only afterward do the authorities then assess the tax burden attributable to the DHEI; apply the prepayments toward that amount; and either credit or bill the owner further, as necessary. *See EXLP Leasing*, 554 S.W.3d at 583–84. Only after "the taxing unit prepares the annual tax bill," *see id.* (citing Tex. Tax Code § 23.1242(h)), has the appraisal district conducted the appraisal task called for by the DHEI special appraisal scheme, *see id.* at

10

577. J-W Power in its reply brief refers to its annual declarations as the "appraisals" in Ector County, but that position cannot withstand the statutory language[8] or *EXLP Leasing*. The annual declarations and monthly tax statements here thus do not raise a fact issue about whether Ector County authorities took the downstream step of appraisal.

Because the summary-judgment evidence conclusively proves that there was no Ector County appraisal of the compressors that Sterling County authorities appraised, J-W Power's Section 25.25(c)(2) "multiple appraisals" ground was negated, and SCAD is entitled to judgment as a matter of law on that ground.

### *Section 25.25(c)(3)—"Form or Location"*

J-W Power's alternative ground for its Section 25.25(c) motion was that the Sterling County appraisal rolls included "property"—the compressors—"that does not exist in the form or at the location described in the appraisal roll." *See* Tex. Tax Code § 25.25(c)(3). This Court's precedent forecloses J-W Power's position under Section 25.25(c)(3).

---

[8] The owner's preparation and filing of annual declarations and monthly statements are tasks different from the taxing authorities' preparation of the tax bill and further billing or crediting based on the prepayments. *Compare* Tex. Tax Code § 23.1241(f) ("Except as provided by Section 23.1242(k), not later than February 1 of each year, or, in the case of a dealer who was not in business on January 1, not later than 30 days after commencement of business, each dealer shall file a declaration with the chief appraiser and file a copy with the collector."), *and id.* § 23.1242(f) ("On or before the 20th day of each month, a dealer shall file with the collector the statement covering the sale, lease, or rental of each item of heavy equipment sold, leased, or rented by the dealer in the preceding month."), *with id.* § 23.1242(h) ("A taxing unit shall, on its tax bill prepared for the owner of a dealer's heavy equipment inventory, separately itemize the taxes levied against the dealer's heavy equipment inventory. When the tax bill is prepared for a dealer's heavy equipment inventory, the assessor for the taxing unit, or an entity, if any, other than the collector, that collects taxes on behalf of the taxing unit, shall provide the collector a true and correct copy of the tax bill sent to the owner, including taxes levied against the dealer's heavy equipment inventory.").

We have interpreted "property that does not exist in the form or at the location described in the appraisal roll" as meaning a challenge that the property at issue "*did not exist*" at "the location indicated on the appraisal roll." *See Kellair Aviation Co. v. Travis Cent. Appraisal Dist.*, 99 S.W.3d 704, 707–08 (Tex. App.—Austin 2003, pet. denied) (citing with approval *Titanium Metals Corp. v. Dallas Cnty. Appraisal Dist.*, 3 S.W.3d 63, 66 (Tex. App.—Dallas 1999, no pet.)); *see also Titanium Metals*, 3 S.W.3d at 66 ("[T]he 'form' of the property described in the appraisal roll is 'personal property.' . . . Because we conclude that property *did* in fact exist in the form (*i.e.*, personal property) and at the location described in the appraisal roll, we conclude that amending the roll under section 25.25(c)(3) was not authorized."). Under that interpretation, a property owner's complaint seeking to allocate[9] the taxable value of its personal property between different taxing jurisdictions—a remedy that the Code otherwise allows for—still was not an appropriate Section 25.25(c)(3) "form or location" challenge. *See Kellair Aviation*, 99 S.W.3d at 707–08 ("Kellair cannot use section 21.03 to prove that the plane was not located within the district for purposes of correction under section 25.25(c)(3), which requires that the property *not exist at the location* indicated on the appraisal roll." (emphasis added)). The subject property still *existed* in the subject county.

---

[9] Taxation based on "allocation" is, roughly speaking, the process of divvying up between tax jurisdictions the value of a piece of property taxable in each relevant jurisdiction but in proportion to the ratio of the property's use within the respective jurisdiction to its use within all jurisdictions. *See Harris Cnty. Appraisal Dist. v. PXP Aircraft, LLC*, 569 S.W.3d 256, 265 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Kellair Aviation Co. v. Travis Cent. Appraisal Dist.*, 99 S.W.3d 704, 706–08 (Tex. App.—Austin 2003, pet. denied). For example, if an owner used a piece of property 60% of the time in Dallam County and 40% of the time in Cameron County, then taxation based on allocation would allow Dallam County authorities to tax only up to 60% of the property's value and Cameron County authorities only up to 40%.

This interpretation of Section 25.25(c)(3), binding on us, forecloses J-W Power's "form or location" ground. J-W Power is not arguing that the compressors "did not exist" in Sterling County; it is arguing only that Sterling County authorities had no right to appraise the compressors even though they were there. But the compressors on the Sterling County appraisal rolls existed in Sterling County. Thus, J-W Power's argument is like the property owner's in *Kellair Aviation*—the owner there said, and J-W Power here says, that some portion of the subject property did not "exist" in the subject county because that county's authorities had no right to tax that proportionate value, whether by allocation in *Kellair Aviation* or by special DHEI computation here. But because the subject property did in fact exist in the subject county, Section 25.25(c)(3) is not an appropriate remedy.[10] *See J-W Power Co. v. Duval Cnty. Appraisal Dist.*, No. 04-21-00172-CV, 2022 WL 789345, at *7 (Tex. App.—San Antonio Mar. 16, 2022, no pet.) (mem. op.) ("J-W Power's argument is an end run around the rule that 25.25(c)(3) cannot be used to challenge the extent to which a certain type of property, physically located in an appraisal district, is taxable in that appraisal district.").

We thus conclude that SCAD is entitled to judgment as a matter of law on J-W Power's Section 25.25(c)(3) ground. We therefore overrule the relevant portions of J-W Power's appellate issues and need not reach the others that focus on the other grounds on which the trial court might have granted summary judgment. *See* Tex. R. App. P. 47.1.

---

[10] We added in *Kellair Aviation* that the "form" of property at issue there was "a Raytheon Hawker HS 125 800" airplane, which is not a description of the property signifying whether it was subject to the usual market-valuation appraisal rules or to any special appraisal provisions. *See* 99 S.W.3d at 708. On this understanding of "form," there is no argument here that the Sterling County appraisal rolls misnamed the brand name or type of the compressors at issue.

## CONCLUSION

We affirm the trial court's summary judgment.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed on Remand

Filed:   December 5, 2024